529 So.2d 446 (1988)
Alvin Troy MACK
v.
STATE of Louisiana et al.
Mac Arthur SPEARS
v.
John WHITLEY, et al.
Nos. CA870598, CA871729.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
Rehearing Denied August 24, 1988.
*447 Alvin Batiste, Jr., Baton Rouge, for plaintiff-appellant Alvin Troy Mack.
Houston T. Penn, Baton Rouge, for defendant-appellee State, Through the Dept. of Public Safety and Corrections.
Mac Arthur Spears, Angola, pro se.
J. Marvin Montgomery, Baton Rouge, for defendants-appellees John Whitley, et al.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
These consolidated cases both involve prison inmates suing the Louisiana Department of Corrections, (DOC) or its employees and having their suits dismissed for failure to pursue or comply with administrative procedures.
Alvin Troy Mack filed a damage suit in the 19th Judicial District Court against DOC claiming that while a resident of Camp D, Falcon D at Angola, he was stabbed by another inmate, Willie Leason. He claims DOC is liable for the damages he suffered from the attack because DOC did not conduct a weapons "shakedown", did not discover the weapon, did not segregate Leason from other prisoners even though his history warranted taking such action, and other general acts of negligence.
Mack's suit was dismissed by the district court without prejudice because Mack had not exhausted administrative remedies.
On February 23, 1987, Mac Arthur Spears filed a request for administrative relief with the warden of Hunt Correctional Center (Hunt) the "Superintendent, or his designee" claiming that on May 10, 1986 an officer took his watch and would not return it. Spears has asked for damages and the return of his watch. His claim was rejected by DOC because it was made more than 30 days after the incident on which it was based. Spears then filed suit in the 19th Judicial District Court. His suit was dismissed with prejudice based on written reasons by the commissioner that, "The failure of an inmate to complete the grievance procedures and take the next step to the court, prevents this court from taking jurisdiction."

LAW
In La.R.S. 15:1171 the Louisiana legislature authorized DOC to adopt an administrative remedy procedure at each of its institutions "in compliance with 42 United States Code 1997, the `Civil Rights of Institutionalized Persons Act', or CRIPA, and Part 40 of Title 28, Code of Federal Regulations". Pursuant to this authority DOC adopted an administrative remedy procedure that became effective on September 18, 1985. Both of these appellants claim the administrative procedure adopted does not cover the claims for damages.

MAC ARTHUR SPEARS
The administrative procedure clearly applies to Spears' claim. We agree with the 19th Judicial District Court commissioner that,
Mr. Spears' complaint is administrative in nature. Despite his claim that he must be awarded damages as a result of the confiscation, Mr. Spears' claim arose as a result of a confiscation hearing. A confiscation hearing is part of the rules and regulations of the Department of Corrections, and a prisoner may seek relief at the hearing or through the administrative *448 process for the return of his watch or for the right to send the watch to his relatives outside the prison. If the watch is lost or refused to be returned to him, procedures are available for the return of the value of the watch. Mr. Spears is not entitled to alter an ordinary greviance procedure into a tort claim under CCP [CC] 2315 merely by claiming damages.
The district court subsequently dismissed Spears' claim with prejudice for failure to exhaust administrative remedies. The record does not support dismissal for this reason. However, dismissal is supported for failure to timely invoke administrative procedures. Spears was required to assert his claim within 30 days of the incident according to the Administrative Remedy Procedure. ARP VI(A)(5). He did not do so. La.R.S. 15:1172(B) unequivocally provides that, "If the offender has failed timely to pursue administrative remedies through this procedure, any petition he files shall be dismissed." (Emphasis ours).
We affirm dismissal of Spears' claim with prejudice.

ALVIN TROY MACK
Mack's suit is fairly characterized as a suit in tort against DOC for failure of DOC employees to properly supervise and control other inmates. It is Mack's contention that administrative procedure was never intended to cover claims that cannot be resolved by grievance resolution procedures. Consequently, it is argued that tort claims were never intended to be covered.
La.R.S. 15:1172(A) provides that,
Upon approval of the administrative remedy procedure by a federal court, as authorized and required by 42 USC 1997(C)(2), or as otherwise authorized by law, and the implementation of the procedure within the department, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action they may claim to have against the State of Louisiana, the Department of Public Safety and Corrections, or its employees. (Emphasis ours) (footnote omitted).
"Any cause of action" certainly does not preclude application of the administrative procedures to tort cases. However, a review of the Administrative Remedy Procedure actually adopted and the federal enabling legislation contained in 42 U.S.C. § 1997 reveals that the intent was the establishment of administrative procedures to handle prisoner grievances resulting basically from prison administration. 42 U.S.C. § 1997e(b)(1) provides that minimum standards may be promulgated "for the resolution of grievances of adults confined in any jail, prison or other correctional facility". It is clear from the purpose of the Administrative Remedy Procedure actually adopted that it was intended for inmates to receive "formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." ARP I. This obviously was not intended to allow the granting of a monetary judgment for personal injuries. Cf., Marshall v. Norwood, 741 F.2d 761 (5th Cir.1984) (42 U.S.C. § 1983 action based on negligence was dismissed because state tort law provided an adequate remedy). That interpretation would require the institution to make a determination of whether to render a monetary award against itself. Although it may be argued that the broad language of La.R.S. 15:1172(A) permits such a result, the procedure actually adopted does not so provide.
We do not agree that there are administrative remedies that Mack must pursue.

DECREE
We affirm the judgment of the district court in CA 87-1729 Mac Arthur Spears v. John Whitley, et al dismissing appellant's suit with prejudice at appellant's cost.
AFFIRMED.
We reverse the judgment of the district court in CA 87-0598 Alvin Troy Mack v. State of Louisiana through the Department of Public Safety and Corrections dismissing appellant's suit without prejudice at appellant's cost and remand for further proceedings in accordance with this *449 opinion. Costs of this proceeding in the amount of $110.00 are assessed against defendants.
REVERSED AND REMANDED.
SHORTESS, J., dissents in the Spears case and agrees with the Mack case. Spears has alleged facts which should allow him a hearing on whether it was impossible to bring claim before he did.