SHORTESS, Judge.
L.W. Magee, plaintiff, who was in the custody of the Department of Public Safety and Corrections, filed a petition for damages against the State of Louisiana, through the Department of Public Safety and Corrections, alleging a Civil Code Article 2315 cause of action for alleged negligence during the period of March 3 through August 25, 1986,[1] which caused damage to him while, he was incarcerated at Angola.
The state answered plaintiff’s petition with a general denial and several special defenses including a plea of no jurisdiction over the subject matter because plaintiff failed to resort to or exhaust all his administrative remedies pursuant to the Corrections Administrative Remedy Procedure, LSA-R.S. 15:1171 through 1177, a plea of prescription and other defenses.
The trial court then set a hearing on the state’s exception of prescription which was conducted by its Commissioner who subsequently submitted his written recommendation to deny the exception of prescription. The trial court agreed with the recommendation and denied the state’s exception. The state then filed a motion for rehearing which was considered by the court and granted. Then the exception was maintained, and plaintiff’s suit was dismissed. Plaintiff has brought this appeal.
The issue presented is whether prisoner tort suits are solely governed under the Corrections Administrative Remedy Procedure, LSA-R.S. 15:1171 through 15:1177, and in particular, LSA-R.S. 15:1177(A), or under LSA-R.S. 49:964, the judicial review provision of the Administrative Procedure Act, for prescription purposes. If so, plaintiff’s suit has prescribed because both acts provide for a 30-day period to seek judicial review from an adverse administrative ruling. The administrative ruling in this case was rendered on July 3, 1986.
The original recommendation of the Commissioner is helpful. Therein, he observed:
*7 A lengthy administrative record has been submitted by the Department of Corrections in connection with this case. Yet, throughout the entire record there is sharp and continual disagreement between the allegations and claims of the individual and claims by the personnel. There was no hearing; witnesses were never sworn, nor was evidence ever taken. There was some accumulation of evidence for presentation with each step of the review, but no opportunity to examine or cross-examine witnesses. At several points, Mr. Magee claims there were witnesses who could support his claims regarding fact. Mr. Magee does not name these witnesses, but there is no indication that an opportunity was given to Mr. Magee to present the witnesses or that their testimony be sought, ...
In a case very similar to this one, decided by us just last year, Mack v. State, 529 So.2d 446 (La.App. 1st Gir.1988), we held:
La.R.S. 15:1172(A) provides that, [u]pon approval of the administrative remedy procedure by a federal court, as authorized and required by 42 USC 1997(C)(2), or as otherwise authorized by law, and the implementation of the procedure within the department, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action they may claim to have against the State of Louisiana, the Department of Public Safety and Corrections, or its employees. (Emphasis ours) (footnote omitted).
“Any cause of action” certainly does not preclude application of the administrative procedures to tort cases. However, a review of the Administrative Remedy Procedure actually adopted and the federal enabling legislation contained in 42 U.S.C. § 1997 reveals that the intent was the establishment of administrative procedures to handle prisoner grievances resulting basically from prison administration 42 U.S.C. § 1997e(b)(l) provides that minimum standards may be promulgated “for the resolution of grievances of adults confined in any jail, prison or other correctional facility.” It is clear from the purpose of the Administrative Remedy Procedure actually adopted that it was intended for inmates to receive “formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter.” ARP I. This obviously was not intended to allow the granting of a monetary judgment for personal injuries. Cf. Marshall v. Norwood, 741 F.2d 761 (5th Cir.1984) (42 U.S.C. § 1983 action based on negligence was dismissed because state tort law provided an adequate remedy). That interpretation would require the institution to make a determination of whether to render a monetary award against itself. Although it may be argued that the broad language of La.R.S. 15:1172(A) permits such a result, the procedure actually adopted does not so provide.
We do not agree that there are administrative remedies that Mack must pursue.
Our holding in Mack is dispositive of the issue presented here. The decision of the trial court must be reversed and the case remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the state.
REVERSED AND REMANDED.

. He alleges that a foreign object fell into his eye on March 3, 1986, which caused problems that were never properly treated during the subsequent months and continuing into August of 1986.