597 So.2d 176 (1992)
Willie James GIBSON
v.
Dr. BARNES[1].
No. CA 91 0229.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
Willie James Gibson, in pro. per.
Debra Rutledge, Baton Rouge, for defendant-appellee Dr. Barnes.
Before COVINGTON, C.J., and LeBLANC and WHIPPLE, JJ.
COVINGTON, Chief Judge.
Willie James Gibson filed a lawsuit in proper person on November 6, 1989, against Dr. Barnes of the Department of Public Safety and Corrections. He alleged that while incarcerated at Angola State Penitentiary, he sought a "duty status" from Dr. Barnes "that would allow him to do a limited amount of walking or standing." On four separate occasions Dr. Barnes refused to give plaintiff a duty status, and thereby denied him medical treatment, according to Gibson. Plaintiff sought damages in tort for the failure of Dr. Barnes to grant him a duty status.
The Department of Public Safety and Corrections, filed a motion for abandonment, alleging that plaintiff had failed to exhaust his administrative remedies as required under LSA-R.S. 15:1171-1176, and therefore the suit must be dismissed for abandonment.
The case was heard before Commissioner Allen J. Bergeron, Jr., of the Nineteenth Judicial District Court. At the hearing, at which defendant waived its appearance, Gibson argued that he had not sought administrative remedies because the administrative *177 remedy did not offer any monetary damages. He testified that he wanted the doctor to give him a duty status until such time as he was seen by a specialist. Ultimately he saw a specialist, was operated on for his knee, and was given a limited duty status.
The Commissioner, in his recommendation, found that although Gibson sought damages and cast his action in tort, he actually did not challenge Dr. Barnes' medical diagnosis nor any medical treatment. Therefore, he recommended that the suit be dismissed because Gibson failed to seek administrative remedies, as required under LSA-R.S. 15:1171-1177. Plaintiff appeals from the judgment of the Nineteenth Judicial District Court based upon the Commissioner's recommendation.
On appeal, appellant argues that the Commissioner erred in characterizing his claim as a "quest for duty status" only. He argues that he was seeking damages for pain and for mental anguish for being required to work in the fields when he was suffering from knee pain. He cites Magee v. State of Louisiana, through the Department of Public Safety and Corrections, 555 So.2d 6 (La.App. 1st Cir.1989), writ denied, 559 So.2d 138 (La. 1990), and Mack v. State of Louisiana, 529 So.2d 446 (La.App. 1st Cir.1988), writ denied, 533 So.2d 359 (La.1988), for the proposition that there is no need to exhaust administrative remedies under LSA-R.S. 15:1171-1177 when a claim is made in tort.
Both Mack and Magee involve facts arising before the amendments to LSA-R.S. 15:1171 which took effect on June 30, 1989. The statute was amended, in subsection B, to provide that administrative remedy procedures could be adopted to resolve complaints and grievances including actions pertaining to conditions of confinement as well as personal injuries, medical malpractice, and other tort actions; when adopted, such procedures would serve as exclusive remedies.
This enabling legislation further provided, in LSA-R.S. 15:1171 C, that procedures could also be adopted to discover and produce evidence for the substantiation of claims, and to award monetary relief. LSA-R.S. 15:1172 provides that upon approval of the administrative remedy procedure by a federal court, this procedure shall constitute the administrative procedure available to offenders "for the purpose of preserving any cause of action they may claim to have against the State of Louisiana...."
Pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. Sec. 1997e(a)(2), these new procedures were formally approved by the Honorable Frank J. Polozola of the Middle District of Louisiana in an order dated August 17, 1990.[2]
Willie James Gibson filed his lawsuit on November 6, 1989, after the effective date of the amendment to LSA-R.S. 15:1171 which would provide that administrative procedures be exhausted even before the filing of a tort claim. However, as LSA-R.S. 15:1172 provides that such procedures would not be effective until approval by the federal court, his lawsuit falls in a window of time governed by the holdings in Mack and Magee, which would arguably allow a tort claim to be filed without the exhaustion of administrative remedies.
However, we believe, along with the Commissioner who heard the case below, that Gibson's case is in reality a grievance against the prison system. Although arguably it could be maintained that the "request for a duty status," and the denial of same by Dr. Barnes, constitutes a request for, and denial of, medical services, it is more reasonable to interpret Gibson's petition as a complaint that the prison administration failed to honor his request to be relieved of his work duties. Martin v. Catalanotto, 895 F.2d 1040 (5th Cir.1990), held that the Louisiana procedures for administrative *178 remedies for prisoners provided an effective remedy even when claims for money damages were asserted when the underlying basis for the claim is actually a complaint about prison conditions.
Here, appellant's claim is for money damages, but it actually is founded on Gibson's unhappiness with prison conditions. Under the law as it existed at the time he filed his suit, he was required to exhaust administrative remedies before bringing an action against the State. See, Martin, 895 F.2d at 1042-43.
The judgment of the trial court is affirmed. Although appellant's suit was brought in forma pauperis, the costs of an unsuccessful appeal may be assessed against him. Allemond v. Guidry, 345 So.2d 1298 (La.App. 1st Cir.1977). Accordingly, costs of this appeal are assessed to appellant.
AFFIRMED.
NOTES
[1] Defendant's complete name was not listed anywhere in the record. He was always referred to as "Dr. Barnes."
[2] We take judicial notice that a formal order was signed by the Honorable Frank J. Polozola on August 21, 1990, which formally approved the administrative remedy procedure outlined by the June 30, 1989 amendments to LSA-R.S. 15:1171. These rules and regulations were promulgated in accordance with LSA-R.S. 15:1171-1176 in the Louisiana Register, Volume 17, no. 1, on January 20, 1991.