WATKINS, Judge.
The issue in this case is whether a state prisoner must resort to the internal grievance procedure promulgated by the Louisiana Department of Corrections before he may initiate a tort suit in the district court.
Plaintiff, Rickey Wright, an inmate at the Louisiana State Prison, filed suit on February 16, 1990, against several employees of the Louisiana Department of Corrections, including Bruce Lynn, the Secretary of Corrections; Hilton Butler, the prison warden; Roger Thomas, the warden of treatment; and Dr. Perego, the prison hospital administrator. Plaintiff alleged that after being injured in a recreational football game on August 28, 1989, he was not given proper medical treatment at the prison hospital when the treating physician failed to apply a cast to a broken Tibia bone. He further alleged that the mistreatment continued until September 14, 1989, when he was seen by a bone specialist and a cast was applied to his leg.
The defendants filed a motion to dismiss the plaintiffs suit for failing to exhaust his administrative remedies as required under LSA-R.S. 15:1171-1176.
The motion was heard before Commissioner Allen J. Bergeron, Jr., of the Nineteenth Judicial District Court. The Commissioner dismissed the motion and recommended that the plaintiff be allowed to pursue his claim for monetary damages in the district court without first exhausting available administrative remedies. Defendants sought writs from the judgment of the district court based upon the Commissioner’s recommendation.
Congress enacted the Civil Rights of Institutionalized Persons Act, (CRIPA) 42 U.S.C. §§ 1997 — 1997j, in 1980 to protect the constitutional rights of persons in mental institutions and correctional facilities. Pursuant to CRIPA the Louisiana Legislature enacted the Corrections Administrative Remedy Procedure, LSA-R.S. 15:1159.1— 15:1159.6, later redesignated as LSA-R.S. 15:1171 to 15:1176, authorizing the Louisiana Department of Corrections to adopt an administrative remedy procedure at each of its institutions in compliance with 42 U.S.C. § 1997. At the time of enactment the relevant statutory provisions provided as follows:
R.S. 15 § 1159.2. Effect
A. Upon approval of this administrative remedy procedure by a federal court, as authorized and required by 42 USC 1997(C)(2), and the implementation of the procedure within the department, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action said offenders may claim to have against the state of Louisiana, the Department of Public Safety and Corrections, or its employees.
B. No state court shall entertain an offender’s grievance or complaint which falls under the purview of the administrative remedy procedure unless and until the offender shall have exhausted the remedies as provided in said procedure. *981 If the offender has failed timely to pursue administrative remedies through this procedure, any petition he files shall be dismissed. If at the time the petition is filed the administrative remedy process has not yet been completed, the court shall stay the proceedings for ninety days to allow for completion of the procedure and exhaustion of the remedies thereunder.[1]
We had the opportunity to interpret the provisions of the statute in Mack v. State of Louisiana, 529 So.2d 446 (La.App. 1st Cir.1988), writ denied, 533 So.2d 359 (La.1988), which involved a similar suit by an inmate of the Louisiana State Prison claiming damages against the Department of Corrections for failing to adequately protect him from an attack by another inmate. In Mack, supra 529 So.2d at 448, we interpreted LSA-R.S. 15:1171(A), as follows:
‘Any cause of action’ certainly does not preclude application of the administrative procedures to tort cases. However, a review of the Administrative Remedy Procedure actually adopted and the federal enabling legislation contained in 42 U.S.C. § 1997 reveals that the intent was the establishment of administrative procedures to handle prisoner grievances resulting basically from prison administra-tion_ This obviously was not intended to allow the granting of a monetary judgment for personal injuries_ Although it may be argued that the broad language of La.R.S. 15:1172(A) permits such a result, the procedure actually adopted does not so provide.
After our decision in Mack the legislature amended LSA-R.S. 15:1171 B and C and LSA-R.S 15:1172, which amendments took effect on June 30, 1989. Section B of LSA-R.S. 15:1171 was amended to provide that administrative remedy procedures could be adopted to resolve complaints and grievances, including actions pertaining to conditions of confinement as well as personal injuries, medical malpractice, and other tort actions; when adopted, such procedures would serve as exclusive remedies.
This enabling legislation further provided, in LSA-R.S. 15:1171 C, that procedures could also be adopted to discover and produce evidence for the substantiation of claims, as well as to award monetary relief. However, the provisions of LSA-R.S. 15:1172 provide that the procedures must be approved by a federal court as “authorized and required by 42 USC 1997(C)(2),” before they shall constitute the administrative procedure available to offenders “for the purpose of preserving any cause of action they may claim to have against the state of Louisiana....”
The amended administrative procedures in Act 1989 No. 463 § 1 were formally approved by the Honorable Frank J. Polo-zola of the Middle District of Louisiana in an order dated August 17, 1990. These rules were promulgated in accordance with LSA-R.S. 15:1171-1176 in the Louisiana Register, Volume 17, no. 1, on January 20, 1991.
We further note that LSA-R.S. 15:1175 provides that:
Any offender who, on the effective date of this Part, is a plaintiff in a lawsuit naming the state ... as a defendant or defendants shall be furnished notice, by United States mail, of this Part and the fact and date of the enactment of the administrative remedy procedure, with notice of service of the offender plaintiff to be filed into the suit record. Each offender so notified shall, within thirty days of the mailing of such notice, commence administrative review under the administrative remedy procedure, of the complaint which is the subject matter of his lawsuit. Failure to institute administrative review of his claim timely shall be considered as abandonment of the action and, upon motion of the defendants, supported by notice filed in the records as provided hereinabove, and defendants’ affidavit that plaintiff has failed to timely institute administrative review, as required herein, the court shall enter a judgment of dismissal with prejudice in that cause of action.
*982 According to LSA-R.S. 15:1175 any offender who, on the effective date of the act, is a plaintiff in a lawsuit naming the state as a defendant can be required to pursue the available administrative remedies upon proper notice and upon motion of the defendants, supported by such notice filed into the record. In the instant case no such notice appears in the record. Therefore, because the plaintiff filed suit on February 16, 1990, after the effective date of the amendment to LSA-R.S. 15:1171 but before the administrative remedy procedures were approved by the federal court or promulgated in accordance with LSA-R.S. 15:1173, his lawsuit is governed by the administrative remedy procedures in existence at the time his suit was filed. LSA-R.S. 15:1172(A); see Gibson v. Barnes, 597 So.2d 176 (La.App. 1st Cir.1992).
As we previously held in Mack, the procedures in place at the time the plaintiff filed his suit do not provide a procedure for the award of monetary damages. Mack, 529 So.2d at 448. Accordingly, the plaintiff is not required to pursue the available administrative remedies.
For the reasons set forth, the judgment of the trial court is affirmed. Appeal costs in the amount of $164.21 are assessed against the defendants.
AFFIRMED.

. This section enacted as LSA-R.S. 15:1159.1 by Acts 1985, No. 672, § 1, was redesignated as LSA-R.S. 15:1171 pursuant to the statutory revision authority of the Louisiana State Law Institute.