PER CURIAM.
The salient issue in this case is whether or not the trial court erred when it refused to issue a writ of mandamus ordering the district attorney to release the medical record of a juvenile rape attempt victim pursuant to the public records act.
Plaintiff, an inmate at Angola, sought a writ of mandamus ordering the district attorney to provide access to records within his custody, pursuant to LSA-R.S. 44:1 et seq. Ultimately, the district attorney provided access to all of the records within his possession except for the medical record of the juvenile victim. The trial court rendered judgment in open court following a hearing on November 10, 1992. Judgment was signed on September 22, 1993.
Appellant cites Lemmon v. Connick, 590 So.2d 574 (La.1991), for the proposition that post-conviction relief is not “criminal litigation” within the meaning of the exemptions section of the public records act. See LSA-R.S. 44:3. However, LSA-R.S. 44:1 (A)(2), which defines “public records,” specifically states “except as otherwise provided in this Chapter or as otherwise provided by law.” We find that the medical record of the juvenile victim in this case is an exception which is otherwise provided by law. See for instance LSA-R.S. 13:3734 regarding doctor/patient privilege.
For the foregoing reasons, we affirm the judgment of the trial court. Although appellant’s suit was brought in forma pauper-is, the costs of an unsuccessful appeal may be assessed against him. Gibson v. Barnes, 597 So.2d 176 (La.App. 1st Cir.1992). Accordingly, costs of this appeal are assessed to appellant.
AFFIRMED.