J2FITZSIMMONS, Judge.
This is an action for workers compensation benefits brought by Linda B. Rosata, plaintiff, against her employer, K-Mart Corporation. The hearing officer denied plaintiffs claim for reinstatement of disabiHty benefits and plaintiff appealed. For the foUowing reasons, we affirm.
FACTS
On January 21, 1985, plaintiff was injured in the course and scope of her employment with K-Mart Corporation (K-Mart). A shelf flew up as plaintiff was restocking it with merchandise. While trying to prevent the shelf from hitting a customer, plaintiff injured her back. Plaintiffs treating physician is Dr. Thomas Whitecloud. Dr. Whitecloud performed an anterior lumbar fusion at the L3-4 level on plaintiffs back in July 1986. FoUowing a motor vehicle accident in May, 1989, plaintiff underwent a second surgery. On May 24, 1989, a posterior spinal fusion was performed and metal screws and a fixa *90 tion plate were inserted. Plaintiff continued under the care and treatment of Dr. Whitee-loud and subsequently, in April of 1992, plaintiff was released to work with certain restrictions. In March 199B, Dr. Roch Hon-tas also evaluated plaintiff at the request of K-Mart. Dr. Hontas found plaintiff able to return to work within certain medical restrictions. In May 1993, K-Mart offered plaintiff a position in its restaurant operations which plaintiff declined. After June 9, 1993, K-Mart ceased paying workers’ compensation benefits to plaintiff.
On December 30, 1993, plaintiff filed a disputed claim for compensation with the Office of Workers’ Compensation, alleging permanent disability and seeking reinstatement of benefits, attorney’s fees and penalties. Trial was held on July 28, 1994. The following stipulations were made at the beginning of trial:
1) Plaintiffs accident, injury and damages occurred during the course and scope of her employment on January 21, 1985.
2) Plaintiffs average weekly wage at that time was $192.00.
3) The workers’ compensation rate was $128.00 per week.
134) Workers’ compensation benefits were discontinued on June 9, 1993.
5) Workers’ compensation benefits paid through June 9, 1993, totalled $56,379.86.
6) Medical expenses paid totalled $68,525.13.
7) The workers’ compensation insurance coverage provided by K-Mart is through its self-insured fund.
The hearing officer ruled in favor of K-Mart, and denied plaintiffs claims. The plaintiff was ordered to pay court costs. Plaintiff appealed alleging the trial court erred in denying plaintiff further medical treatment, in denying temporary total disability benefits from June 9, 1993, to the present, and in finding that the job offered by the defendant complied with claimant’s medical restrictions. Ms. Rosata also claims error in her prayer for attorney’s fees and penalties.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
Plaintiff initially argues that the trial court erred in failing to reinstate disability benefits and in discontinuing payment of medical expenses on her behalf. Specifically, plaintiff argues that she is entitled to continued benefits and treatment until Dr. White-cloud finds that she has reached her maximum medical improvement (MMI). The evidence is clear, however, that both Dr. Whi-tecloud and Dr. Hontas, the independent medical examiner, found that plaintiff had reached her MMI and that she was capable of some type of light duty work.
By letter dated April 3, 1992, Dr. Whitec-loud informed K-Mart that plaintiff had reached MMI. Dr. Whitecloud believed plaintiff had a fifteen percent permanent physical impairment rating and while incapable of heavy manual labor, believed plaintiff could be considered for sedentary work. Additionally, in August 1992, Dr. Whitecloud executed a “Return to Work Evaluation Sheet” releasing the plaintiff to work on a limited basis for an eight-hour day and with lifting restrictions of up to twenty pounds. Dr. Hontas, on March 11, 1993, also found plaintiff to have reached MMI. He believed plaintiff was capable of returning to work in a sedentary |4or light duty capacity. Dr. Hontas limited her lifting capability to approximately fifteen pounds. He suggested intermittent sitting and standing in any job activities. Dr. Hontas found that plaintiffs partial permanent disability relative to her back was in the neighborhood of approximately twenty-five to thirty per'cent.
Based on these evaluations, K-Mart offered plaintiff a position in its restaurant operations. Don Hillis, the general manager of K-Mart, wrote to plaintiff on May 27, 1993. Hillis informed her that K-Mart had a position available that complied with the medical restrictions established by Dr. Whi-tecloud. He asked her to report to work on June 10, 1993. Hillis testified that the work offered was at her pre-injury pay rate. Plaintiff refused the job.
During the time that Plaintiff claims to be injured, she was observed, on four or five occasions, working behind the bar at the *91 Silver Dollar Lounge by Peggy Beaubouef. Ms. Beaubouef also testified that when she was at the lounge, she often saw the plaintiff dancing. Larry P. Mire, hired by K-Mart to observe the plaintiff, also testified by deposition. He stated that he saw the plaintiff serving patrons at the lounge, and that she was stooping and bending behind the bar. Plaintiff also stayed on her feet most of the time that Mire observed her. While plaintiff denied working at the lounge, she did admit to dancing there.
Based on the medical evaluations, plaintiffs activities at the lounge, and her refusal to accept a position within her medical restrictions, K-Mart terminated her benefits.
Appellate review of the factual findings contained in a judgment in a workers’ compensation ease is governed by the manifest error standard. Such a judgment may not be set aside in the absence of manifest error. The issue before the court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusions are reasonable in light of the record in its entirety. Freeman v. Poulan/Weed Eater, 93-1530 (La. 1/14/94), 630 So.2d 733, 737-38.
After a thorough review of the record, we find no manifest |5error in the decision of the hearing officer denying plaintiff reinstatement of disability benefits and expenses for further medical treatment. These assignments of error are without merit.
ASSIGNMENT OF ERROR NUMBER THREE
Plaintiff alleges that she was entitled to vocational rehabilitation. The evidence shows, however, that employment was available for plaintiff within her medical restrictions and at the same level as her pre-injury wages.
Don Hillis, the K-Mart general manager, testified that it is K-Mart’s policy to work with, and help, the employee to return to work within his or her medical limitations. Hillis stated that a job was available for the plaintiff in K-Mart’s restaurant operations which involved operating the register and helping in the serving line. He further stated plaintiff could sit occasionally. He testified that the job was within the medical restrictions given by plaintiffs physician and that it was offered at the same rate of pay as her pre-injury position. Plaintiff did go to the store, but when she found out what job was being offered, she left and did not return. Hillis stated that he waited a few days, did not hear from plaintiff, and then contacted the workers compensation department of K-Mart in Michigan to remove plaintiff from the payroll.
La.R.S. 23:1226 A provides:
When an employee has suffered an injury covered by this Chapter which precludes the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services.
Plaintiff has failed to show that her injury has precluded her “from earning wages equal to wages earned prior to the injury ...” La.R.S. 23:1226 A. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER FOUR
Plaintiffs last argument is that K-Mart was arbitrary and capricious in denying her claims for benefits and, therefore, under La.R.S. 23:1201.2 and 23:1201 E, she is entitled to attorney’s fees and penalties.
The hearing officer found that K-Mart had done all that it was required to do under the workers’ compensation statutes and that | ^plaintiffs benefits were correctly terminated in June of 1993. The hearing officer also specifically found that K-Mart was not liable for any further compensation or medical expenses to the plaintiff.
In light of the determination that plaintiff was not entitled to disability benefits, K-Mart clearly was not arbitrary or capricious in failing to continue to pay workers’ compensation benefits. Thus, there is no basis to hold K-Mart liable for penalties and attorney’s fees.
CONCLUSION
In conclusion, we find no manifest error in the decision of the hearing officer. *92 The judgment of the trial court is affirmed. Although plaintiffs appeal was brought in forma pauperis, the costs of an unsuccessful appeal may be assessed against her. Mitchell v. Greenburg, 93-1846 (La.App. 1st Cir. 5/12/94), 640 So.2d 1367. Accordingly, costs of this appeal are assessed to appellant.
AFFIRMED.