690 So.2d 137 (1997)
Rodney O. BLACKWELL
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Richard L. Stalder, Secretary and John P. Whitley, Warden, Louisiana State Penitentiary, Angola.
Nos. 96 CA 0954, 96 CA 0955.
Court of Appeal of Louisiana, First Circuit.
February 14, 1997.
*138 Christopher J. Fransen, New Orleans, for Appellant Plaintiff Rodney O. Blackwell.
Rose Polito Wooden, Baton Rouge, for Appellee Defendant Louisiana Department of Public Safety and Corrections, et al.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOIL, Judge.
At issue in this appeal is whether the Corrections Administrative Remedy Procedure Act, which requires an inmate to submit a tort claim for pre-suit administrative review, offends the Louisiana constitution. We find no constitutional infirmity in the act, and we hold that the act's peremptive time period for seeking judicial review of an adverse administrative decision may be applied to an inmate's tort claim filed in state district court.

*139 PROCEDURAL BACKGROUND
On March 4, 1994, Rodney Blackwell, a prisoner at the Louisiana State Penitentiary at Angola, filed this tort suit in the Nineteenth Judicial District Court against the State of Louisiana, Department of Public Safety and Corrections (Department), the Secretary of the Department and Angola's warden. Plaintiff alleged that on September 23, 1993, he was injured while operating an incinerator at Angola. Specifically, plaintiff averred that while he was raking ash inside the incinerator, an explosion occurred, causing a burning object to propel through the door. The burning object struck plaintiff, resulting in burns on his face, neck, chest and arms.
The record reflects that on the day of the accident, the prison's safety director investigated the accident and concluded that plaintiff failed to wear the protective safety gear he was instructed to wear while working around the incinerator. The report concluded that, had plaintiff been wearing the face shield and safety jacket issued to him, he could not have been burned in the incident. On October 2, 1993, plaintiff filed a formal request for an administrative remedy procedure, specifically requesting monetary damages for his injuries. At the first step review phase, plaintiff's request for monetary relief was denied on the basis that he had been assigned to the incinerator for a number of years, knew the dangers involved in operating it, yet chose on the day in question not to wear his safety gear.
Plaintiff's request for second step review was denied by Angola's warden. His third step review request was denied by the Department of Corrections on January 3, 1994. The response form bears the signature "Venetia T. Michael for the Secretary." On January 11, 1994, plaintiff received the third step response denying his request for relief.
In his initial lawsuit, plaintiff averred that he exhausted his administrative remedy as required under the Corrections Administrative Remedy Procedure Act. La.R.S. 15:1177 of that Act provides that an inmate who is aggrieved by an adverse decision of the Department rendered pursuant to the administrative procedure may seek judicial review of that determination in the Nineteenth Judicial District Court within 30 days after receipt of the decision. On the basis of the 30 day time limitation provided for in La.R.S. 15:1177, defendants filed a peremptory exception urging that plaintiff failed to timely seek judicial review of the final agency decision.
Thereafter, plaintiff filed a second suit in the Nineteenth Judicial District Court, which was identical in substance to the initial suit, with the exception that plaintiff did not allege that he exhausted his administrative remedies prior to instituting the suit. Defendants filed an exception of lis pendens. In connection with the second suit, plaintiff filed a supplemental and amending petition in which he challenged the constitutionality of the Administrative Remedy Procedure Act on numerous grounds. First, plaintiff alleged that the act's requirement that he resort to the prison grievance process prior to filing a tort suit against the state violates La. Const. art. 5 § 16, which vests original jurisdiction over civil matters and exclusive original jurisdiction in cases where the state is a party, in district courts. He also urged that the application of the act to his tort claim violated his constitutional rights of due process; equal protection; individual dignity; assembly and petition; and access to the courts.
In addition to the constitutional claims, plaintiff averred that the provisions of the Administrative Remedy Procedure Act should not apply to him because the act fails to provide an adequate remedy for an inmate tort claim. He also claimed that the administrative procedure utilized on his claim was fatally flawed because the third step review response did not contain the signature of the Secretary of the Department of Corrections, but was instead signed by an individual on behalf of the Secretary.
Plaintiff's suits were consolidated in the trial court for the purpose of hearing the exceptions. The trial court rejected all of plaintiff's challenges to the validity of the Administrative Remedy Procedure Act, and dismissed the petition for judicial review on the basis that it was not timely filed in *140 accordance with La.R.S. 15:1177. This appeal followed.

DISCUSSION
It is undisputed that plaintiff filed this tort suit outside the 30 day time limitation established by La.R.S. 15:1177 for seeking judicial review of a decision rendered pursuant to the Administrative Remedy Procedure Act. In Carter v. Lynn, 93-1583 (La.App. 1 Cir. 5/20/94), 637 So.2d 690, this court held that La.R.S. 15:1177 applied to inmate tort suits filed in state court after the inmate invoked the administrative review process. This court ruled that the 30 day time limitation in La.R.S. 15:1177 is peremptive in nature and cannot be suspended or interrupted.
Even though plaintiff chose to invoke the administrative remedies available to him, he urges that the Administrative Remedy Procedure Act as it applies to inmate tort claims is unconstitutional, and therefore, he is entitled to bring his tort suit directly in state court. Plaintiff contends that because the act may not be constitutionally applied to his tort claim, La.R.S. 15:1177's 30 day time limitation does not apply to his tort suit. He urges that the one year prescriptive period applicable to tort actions governs the issue of the timeliness of his suit, and since he filed the suit within one year of the date of the accident, the suit is timely.
In determining the validity of plaintiff's constitutional claims, we begin with the well settled principle of statutory construction in constitutional law which holds that all statutory enactments are presumed to be constitutional. Polk v. Edwards, 626 So.2d 1128, 1132 (La.1993). The provisions of the Louisiana Constitution serve as limitations on the otherwise plenary power exercised by the legislature, which may enact any legislation not prohibited by the constitution. The party challenging the constitutionality of a statute bears the burden of proving that the constitution clearly prohibits the legislative action. Moore v. Roemer, 567 So.2d 75, 78 (La.1990). When a court can do so, it must construe a statute so as to preserve its constitutionality, and any doubt must be resolved in favor of constitutionality. Id. Because of these rules of construction, the party attacking the act must establish clearly and convincingly that the constitutional aim was to deny the legislature the power to enact the legislation. Polk v. Edwards, 626 So.2d at 1132.
With these concepts in mind, we turn to the history of the challenged act. Originally enacted in 1985, the Corrections Administrative Remedy Procedure Act authorizes the state's prison authorities to adopt, in accordance with the Administrative Procedure Act, administrative remedy procedures for disposing of "any and all" complaints and grievances by offenders against the State, the Department of Corrections and its employees. La.R.S. 15:1171. In Mack v. State of Louisiana, 529 So.2d 446 (La.App. 1st Cir.), writ denied, 533 So.2d 359 (La.1988), this court held that the term "any and all" complaints and grievances did not encompass inmate tort claims. This court held that the language of the Act made it clear that the legislature intended to provide a formal review procedure for inmate grievances arising from prison administration. Thereafter, relying on the Mack decision, this court held in Magee v. State, Department of Public Safety and Corrections, 555 So.2d 6 (La.App. 1st Cir.1989); writ denied, 559 So.2d 138 (La. 1990) that the Administrative Remedy Procedure Act's 30 day time limitation for seeking judicial review of an adverse administrative decision did not apply to prisoner tort suits.
The Mack and Magee decisions involved cases arising prior to the 1989 amendments to the Administrative Remedy Procedure Act, in which the legislature specifically gave prison officials the authority to include all prisoner claims for monetary relief, including claims for personal injury, within the scope of the act. The act set forth that upon approval of the administrative remedy procedure by a federal court, and implementation of the procedure within the correctional facility, that procedure "shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action they may claim to have against the State of Louisiana, the Department of Public Safety and Corrections or its employees." La.R.S. 15:1172.
*141 The amended provisions received federal court approval on August 17, 1990. See Wright v. Lynn, 618 So.2d 979 (La.App. 1st Cir 1993). On January 20, 1991, the Department of Corrections' amended rules governing the administrative remedy procedure were published in the Louisiana Register, Volume 17, no. 1. Inmate personal injury complaints are specifically included within the scope of the rules adopted by the department.
The Administrative Remedy Procedure Act gave the prison systems authority to adopt procedures for offenders to produce evidence to substantiate their claims and to promulgate rules and regulations governing the recommendation, review and approval of an award for monetary relief. La.R.S. 15:1171. The procedural rules adopted by the department in accordance with La.R.S. 15:1171 et seq. can be summarized as follows: An inmate's request for administrative relief is initiated by writing a letter to the unit head setting forth the basis for the claim and the relief sought. Prior to assignment to the formal three step process, the unit head screens the request for completeness. The first step review process is categorized in the rules as an "information-gathering step" in which the unit head is encouraged to refer the request to the staff member who can best afford the inmate's relief request, and then to refer the matter to that staff member's supervisor.
If the offender is not satisfied with the results of the first step request, he may request second step review from the unit head. At the third step, the offender may appeal to the Secretary of the Department of Corrections. The rules relating to review at this stage merely state that "a final decision will be made by the secretary and the offender will be notified by mail postmarked within 40 days of the receipt of the appeal by Internal Affairs." The third step review rules conclude by requiring that a copy of the appeal and the secretary's response be sent to the unit head for filing. If the Secretary determines that monetary damages are appropriate to render a fair remedy, the Internal Affairs section of the Department is required to consult with the Department's Legal Section to determine whether monetary damages are a fair and just remedy.
The rules also include a requirement that the offender seek judicial review of the Secretary's decision within thirty days after receipt and signing for the decision. The remaining rules deal primarily with emergency review provisions, record keeping, and policy matters.
By virtue of La.R.S. 15:1172 A, these procedures provide the exclusive remedy available to inmates for preserving a cause of action against the department or its employees. La.R.S. 15:1172 B precludes a state court from entertaining an offender's complaint which falls under the purview of the administrative remedy procedure until the offender has exhausted the remedies provided to him by the act.
We now turn to plaintiff's first constitutional attack on the Administrative Remedy Procedure Act. Plaintiff contends that the legislature's requirement that a prisoner tort claim be initiated in the prison administrative system contravenes La. Const. art. 5 § 16, which vests original jurisdiction over all civil matters, and exclusive original jurisdiction in cases in which the state is a defendant, in the district courts. In support of this proposition, plaintiff relies on Moore v. Roemer, 567 So.2d 75 (La.1990), in which the Louisiana Supreme Court held that the statute vesting "exclusive original jurisdiction" to adjudicate worker's compensation claims in administrative hearing officers violated Article 5 § 16 of the Constitution. Under the challenged scheme in that case, the district courts were completely divested of all jurisdiction over worker's compensation cases. The legislature provided for adjudication of a compensation claim in the administrative agency, with judicial review of that determination vested in the courts of appeal. Plaintiff urges that although the district court retains jurisdiction over prisoner tort suits, unlike the complete divestiture in Moore, that jurisdiction is jurisdiction in the "second instance," not original jurisdiction as required by the Constitution. Support for this proposition can be found in recent pronouncements by the Louisiana Supreme Court in which it abandoned the long-held view that judicial review of an *142 administrative decision is an exercise of the court's original jurisdiction. In American Waste & Pollution Control Company v. State of Louisiana, Department of Environmental Quality, 588 So.2d 367 (La.1991), the Court expressed its view that a trial court's review of an administrative decision is not an exercise of its original jurisdiction, but is an exercise of its appellate jurisdiction. Plaintiff also notes that this court previously held that the provisions of the Administrative Procedure Act apply to proceedings conducted pursuant to the Administrative Remedy Procedure Act. Nix v. King, 457 So.2d 805 (La.App. 1st Cir.1984). The Administrative Procedure Act, he urges, unlike the Administrative Remedy Procedure Act, contains provisions for administrative adjudication, which, by virtue of the Nix decision, are applicable to inmate tort claims. Based on these propositions, plaintiff argues that the legislature created the prison system as an adjudicative tribunal and vested it with original jurisdiction over an inmate tort suit. That action resulted, he urges, in the divestiture of the trial court's original jurisdiction over tort disputes, leaving the trial court with only appellate jurisdiction to review the administrative adjudication.
If this court were to mechanically apply the broad principles relied upon by plaintiff, it is doubtful whether any administrative proceeding involving civil matters could withstand constitutional attack, even where a district court retained jurisdiction over the dispute. We decline to adopt such an approach. Instead, we start with the basic premise underlying the Moore decision: where the legislation clearly evidences a legislative intent to divest the trial court of its historical jurisdiction over a civil matter, and the legislation does in fact divest the trial court of its historic role as the final arbiter of that civil matter, the legislation violates the constitutional provision placing original jurisdiction over such disputes in the trial court.
Utilizing this test, we find that requiring prisoners to submit tort disputes to a pre-suit administrative review process does not offend La. Const. art. 5 § 16. Jurisdiction is the legal power and authority of a court to hear and determine an action and to grant the parties the relief to which they are entitled. La.Code Civ.P. art. 1. Unlike the scenario in the Moore case, the trial court's power and authority as the final arbiter of a tort claimant's right of recovery and entitlement to damages is preserved. As the trial court correctly noted, the Administrative Remedy Procedure Act merely provides a procedural mechanism for asserting tort claims against the State through its prison authorities. There is no language in the act limiting the trial court's role in adjudicating tort disputes.
A simple review of the act evidences that its procedures are designed primarily as an internal investigative and information gathering mechanism. This function has particular importance in the prison setting, since most, if not all, of the evidence is at the prison itself. Furthermore, the witnesses to the incident will most likely be fellow inmates or prison staff members. Submission of a tort claim for review by the correctional system allows the prisoner and the correctional authorities to gather evidence to determine the merits of the prisoner's claim. With its provision for a monetary determination, the administrative remedy procedure is obviously designed to encourage prompt and fair internal resolution of all prisoner grievances, which may also include claims traditionally characterized as ordinary tort claims, that arise within the prison system.
It is beyond dispute that the legislature may impose procedural constraints on the exercise of a litigant's rights. Requiring prisoners to submit a tort claim to the prison authorities for review prior to filing a suit in state court is analogous to requiring medical malpractice claimants to initiate their tort claims against covered providers before a medical review panel. In both instances, the administrative bodies perform investigative and screening functions. The prisoner and the malpractice claimant retain the right to pursue their claims in a trial court if an unfavorable decision is reached by the administrative body.
In the inmate tort claim context, the only complete obstacle to the exercise of the trial court's jurisdiction over the claim is the failure of the inmate to timely seek that judicial *143 determination. It is the failure of the claimant to preserve his right to file the suit in state court, rather than the substance of the act, that divests the trial court of its jurisdiction as the final arbiter of the tort claim. Upon examining the history of the Administrative Remedy Procedure Act and the purposes behind it, we find no evidence that the legislature intended to deprive the trial court of its historic role in adjudicating tort disputes, nor does the act itself in fact divest the trial court of its jurisdiction to adjudicate a tort claim against the state. Therefore, we conclude that the act's 30 day peremptive time period, rather than the Civil Code's one year prescriptive period for bringing a delictual action, may be applied to an inmate's tort suit without offending La. Const. art. 5 § 16.
We turn to plaintiff's remaining constitutional challenges. Plaintiff urges that his constitutional rights of equal protection, due process and access to the courts mandate that he be allowed to immediately submit his tort suit in the state court system, without having to resort to the administrative review process.
La. Const. art. 1 § 3 guarantees Louisiana citizens "equal protection of the laws." This provision is used to invalidate legislative classifications in circumstances when a law violates a "fundamental interest" or is based on a "suspect classification" where there is no demonstrable compelling governmental interest for the disparate treatment. Everett v. Goldman, 359 So.2d 1256, 1266 (La.1978). In cases where no fundamental right or suspect classification is present, the issue is whether the discriminatory treatment is supported by any rational basis reasonably related to the governmental interest sought to be advanced by it. Id.
This court has previously stated that an inmate does not have a fundamental right to file a suit for civil damages. Taylor v. Broom, 526 So.2d 1367, 1370 (La.App. 1st Cir.1988). In Everett v. Goldman, 359 So.2d at 1266, the Louisiana Supreme Court found that requiring a certain class of medical malpractice claimants to submit their claims to a medical review panel prior to filing suit did not violate their equal protection rights. The Court concluded that the right to immediate commencement of a suit in state court, without panel review, is not a "fundamental right."
Since no fundamental right or suspect classification is involved in the instant case, we need only determine whether there is a valid state purpose served by the legislative classification. It is true that requiring inmates to submit to a pre-trial administrative review of the merits of their tort claims affords inmates different treatment with respect to other tort claimants. However, inmates are uniquely situated in that they are confined to the custody of the state. It is axiomatic that lawful incarceration brings about the withdrawal or limitation of many privileges enjoyed by other citizens. Taylor v. Broom, 526 So.2d at 1370.
Furthermore, as noted earlier, most, if not all, of the evidence regarding the complaint will be found at the prison itself. Requiring that an inmate seek an administrative review of the merits of a personal injury complaint arising during the period of incarceration prior to filing suit in state court is an entirely reasonable regulation, and one that is rationally related to the State's interest in prompt and fair internal resolution of inmate grievances.
For these same reasons, we find that the act does not violate an inmate's right to substantive due process. See Everett v. Goldman, 359 So.2d at 1268. Furthermore, an inmate's right to procedural due process is satisfied by the availability of judicial review in the act. Nix v. King, 457 So.2d at 807.
Finally, we address plaintiff's claim that the act unconstitutionally deprives him of his right of access to the courts, protected under Article 1, § 22 of the Louisiana Constitution. Because a prisoner's right to sue for civil damages does not involve a fundamental constitutional right, the prisoner's access to the courts may be restricted if there is a reasonable basis for the restriction. Taylor v. Broom, 526 So.2d at 1370. Previously, we stated that it is not the substance of the act that restricts an inmate's access to the trial court. The act preserves an inmate's right *144 to bring a tort claim in state court, and sets forth the procedure for preserving that cause of action against the state. It is the inmate's failure to timely invoke his right to judicial review that foreclosed his suit in this case. The fact that plaintiff failed to take the appropriate steps to preserve his cause of action does not render the act constitutionally infirm. See Nix v. King, 457 So.2d at 808 (wherein this court rejected an inmate's equal protection, due process and court access claims where the inmate failed to timely file a complaint in state court after invoking the prison administrative review process on a traditional prisoner grievance claim.)
Based on the foregoing, we find no constitutional infirmity in the act. We hold that the Administrative Remedy Procedure Act's requirement that plaintiff submit his claim for pre-suit administrative review, and more particularly, La.R.S. 15:1177's time limitation governing judicial review of an administrative determination, may be constitutionally applied to plaintiff's tort suit against the state defendants.[1]
Plaintiff's remaining arguments deserve only brief mention. Plaintiff contends that he should have been excused from the act's exhaustion requirement, La.R.S. 15:1172 B, because the act fails to afford inmate tort claimants with an appropriate remedy. Plaintiff relies on a jurisprudential exception to the exhaustion requirement which holds that where an administrative scheme does not afford a claimant an adequate remedy, a court should not require that the claimant pursue his claim in the administrative forum prior to filing suit. This exception has no bearing on this case. The act in question plainly provides for an award of monetary relief in the administrative review process. Furthermore, it is plaintiff's failure to timely seek judicial review of the administrative decision that divested the trial court of its jurisdiction over his claim, rather than a failure to proceed through the administrative process. Because plaintiff did in fact exhaust his administrative remedy, but did not seek timely judicial review of the administrative determination, he is simply not in a position to invoke the relied upon jurisprudential exception.
Finally, plaintiff insists that the failure of the Secretary of the Department of Corrections to personally sign the third step review response invalidated the administrative decision because the Department's own rules and regulations require that the Secretary make the final administrative determination. However, there is no merit to this assertion. There is nothing in the rules requiring that the Secretary personally sign the third step response form. The denial was signed on behalf of the Secretary, and we decline to rule that the failure of the Secretary to personally sign the document rendered the entire administrative decision void.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs are assessed to appellant, Rodney Blackwell.
AFFIRMED.
LOTTINGER, C.J., dissents and assigns written reasons.
LOTTINGER, Chief Judge, dissenting.
I respectfully dissent.
To the extent that the majority upholds the constitutionality of La.R.S. 15:1171 as it limits the rights of an inmate to the recovery of monetary damages for personal injuries, the majority is in error.
Simply stated, the Corrections Administrative Remedy Procedure Act, La.R.S. 15:1171-1177, divests the district courts of their constitutional original jurisdiction to hear complaints relating to personal injury in the first instance. La. Const. art. V, § 16(A).
In an attempt to support its position, the majority compares the Corrections Administrative Remedy Procedure Act to the Medical Malpractice Act, La.R.S. 40:1299.41-1299.48, wherein a review panel, La.R.S. *145 40:1299.47, unless waived must review each malpractice claim before suit can be filed. The majority failed to recognize that the Medical Malpractice Act does not divest the district courts of their original jurisdiction.
The majority also attempts to distinguish Moore v. Roemer, 567 So.2d 75 (La.1990) because in Moore, the district courts "were completely divested of all jurisdiction over worker's compensation cases," whereas here we are only speaking of original jurisdiction. Truly, this is a distinction without a difference. The holding of Moore is not softened by the fact that under the Corrections Administrative Remedy Procedure Act the district court sits as a court of review under the procedure provided in La.R.S. 49:964. La. R.S. 15:1177. Under R.S. 49:964 "[t]he review shall be conducted by the court without a jury and shall be confined to the record." Thus it is clear that the Corrections Administrative Remedy Procedure Act divests the district court of its original jurisdiction to hear the complaint in the first instance. As such and to the extent that La.R.S. 15:1171 divests the district courts of their original jurisdiction to hear complaints of inmates as they pertain to the recovery of monetary damages for personal injuries, the statute is unconstitutional.
NOTES
[1] For the reasons outlined in this opinion, we similarly reject plaintiff's contention that his constitutional rights of petition and judicial review, protected under La. Const. Art. 1 § 9 and 19 were violated.