ROBERT JACKSON, III
v.
CLOVIS TILLERY, WARDEN OF RICHWOOD CORRECTIONAL CENTER AND JAMES LEBLANC, SECRETARY OF THE DEPARTMENT OF PUBLIC SAFETY & CORRECTION.
No. 2009 CA 0857.
Court of Appeals of Louisiana, First Circuit.
October 27, 2009.
Not Designated for Publication
ROBERT JACKSON, III, Plaintiff/Appellant In Proper Person.
WILLIAM KLINE, Counsel for Defendant/Appellee Louisiana Department of Corrections.
Before: DOWNING, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.

SUMMARY DISPOSITION
The plaintiff-appellant, Robert Jackson, III, a prisoner in the custody of the Louisiana Department of Public Safety and Corrections (the Department), filed a petition in the 19th Judicial District Court against the Department and the parish correctional facility at which he was confined. Plaintiffs petition was an application for habeas corpus, based upon his assertion that the Parole Board did not consider all relevant information it should have considered before denying him parole following a hearing. Plaintiff appeals the judgment of the trial court sustaining its sua sponte peremptory exception and dismissing his petition for failure to state a cause and right of action.
Pursuant to La. R.S. 13:711, 13:713(A), 15:1178, and 15:1188, this matter was originally assigned to a commissioner for review. As required by La. R.S. 15.T 178(B) and 15:1188(A), the commissioner reviewed the suit to clarify whether plaintiff had stated a cause of action. The commissioner authored a detailed report addressing the relevant underlying facts of plaintiffs case, the applicable statutes dealing with parole procedures (particularly La. R.S. 15:574.11), the application of law to specific claims, and her findings and recommendation. The commissioner recommended that the lawsuit be dismissed for failure to properly state a cause and right of action against either the Department or the parish correctional facility.[1] Following its review of the record, the trial court adopted the commissioner's recommendation and dismissed plaintiffs action pursuant to La. C.C.P. art. 927(B).
Upon our review of the record, we agree that plaintiff is not entitled to any relief, having failed to state a cause of action. We further find that because plaintiff could not have removed the grounds of the objection of no cause of action by amendment of his petition, he was not entitled to an order granting him leave to amend. See La. R.S. 15:574.11 and La. C.C.P. art. 934. Finding that the commissioner's report and the trial court's judgment adequately explain our decision, we affirm the judgment.

DECREE
We accordingly affirm the judgment of the trial court through this summary disposition, in accordance with Rules 2-16.2(A)(2), (4), (5), (6), (8), and (10) of the Uniform Rules of the Louisiana Courts of Appeal. All costs of this appeal are assessed to the plaintiff, Robert Jackson, III.[2]
AFFIRMED.
NOTES
[1] The commissioner noted that plaintiff failed to name the Parole Board as a defendant in his petition, but that no cause of action was stated against the Parole Board even if it would have been named as defendant.
[2] Although plaintiff filed his petition for judicial review in forma pauperis, because he is unsuccessful in obtaining the relief sought, costs may be assessed against him. See Gibson v. Barnes, 597 So.2d 176, 178 (La. App. 1st Cir. 1992) (assessing costs of unsuccessful appeal against unsuccessful appellant).