|2CARTER, Judge.
This is an appeal from a trial court judgment dismissing plaintiffs suit for failure to exhaust administrative remedies.

FACTS AND PROCEDURAL HISTORY

On August 3,1992, plaintiff, L. Steve Mar-ler, an inmate at Washington Correctional Institute (WCI), filed a petition for damages in the Twenty-Second Judicial District Court, Parish of Washington.[1] The petition alleges that the defendants, WCI Warden Ed Day and WCI Deputy Warden Robert Tanner, were negligent in permitting Marler to mail order an anabolic steroid alternative product, “The Edge,” while incarcerated at WCI. In his petition, Marler alleged that he began consuming the product on July 30, 1991, in accordance with the product’s instructions. He further contended that, on September 1, 1991, he became aware that “The Edge” was the cause of a sudden cardiac condition. Marler alleged that he sustained damages in the amount of $2,300,-000.00.
Defendants answered the petition, denying the allegations thereof, and subsequently filed an exception pleading the objection of lack of subject matter jurisdiction. In their objection, defendants contended that, pursuant to LSA-R.S. 15:1171, et seq., Marler was required to exhaust administrative remedies prior to filing suit in the trial court.
On August 27, 1993, a hearing was held on the exception, and the matter was submitted on the briefs. On October 13, 1993, the trial judge dismissed Marler’s claims without prejudice.
Marler appeals from the adverse judgment contending that the trial court erred in dismissing his suit. Marler contends that, because of the unusual and exceptional nature of his personal injury claim, he should be permitted to pursue his claims in the trial court without first having to exhaust his administrative remedies.

|3FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The Corrections Administrative Remedy Procedure is addressed in LSA-R.S. 15:1171, and, at the time of Marler’s alleged personal injury, provided as follows:[2]
A. The Department of Public Safety and Corrections and each sheriff is hereby authorized to adopt an administrative remedy procedure at each of its adult and juvenile institutions, in compliance with 42 United States Code 1997, the “Civil Rights of Institutionalized Persons Act”, or CRI-PA, and Part 40 of Title 28, Code of Federal Regulations.
B. The department or sheriff may also adopt, in accordance with the Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor, or the *1239 department or any officials or employees thereof, or a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of the department or a sheriff. Such complaints and grievances include but are not limited to any and all claims seeking-monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes. Such administrative procedures, token promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows. All such procedures, including the adult and juvenile offender disciplinary process, prqmulgated and effective prior to June 30, 1989 shall be deemed to be the exclusive remedy for complaints and grievances to which they apply insofar as federal law allows.
C. The department or sheriff may also adopt procedures for adult or juvenile offenders to discover and produce evidence in order to substantiate their claims and promulgate rules and regulations governing the recommendation, review, and approval of an award for monetary relief. (Emphasis added) (Footnotes omitted).
|4At the time of Marler’s alleged personal injury, LSA-R.S. 15:1172[3] provided as follows:[4]
A. Upon approval of the administrative remedy procedure by a federal court, as authorized and required by 42 USC 1997(C)(2), or as otherwise authorized by law, and the implementation of the procedure within the department or by the sheriff, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action they may claim to have against the state of Louisiana, the Department of Public Safety and Corrections, or its employees, or a sheriff, or his employees or deputies.
B. No state court shall entertain an offender’s grievance or complaint which falls under the purview of the administrative remedy procedure unless and until the offender shall have exhausted the remedies as provided in said procedure. If the offender has failed timely to pursue administrative remedies through this procedure, any petition he files shall be dismissed. If at the time the petition is filed the administrative remedy process has not yet been completed, the court shall stay the proceedings for ninety days to allow for completion of the procedure and exhaustion of the remedies thereunder. (Footnote omitted).
In Gibson v. Barnes, 597 So.2d 176 (La.App. 1st Cir.1992), an inmate filed a tort action against a prison physician. The Department of Public Safety and Corrections filed a motion for abandonment, alleging that the inmate had failed to exhaust his administrative remedies as required by LSA-R.S. 15:1171-1176. This court affirmed the trial court judgment and dismissed the inmate’s action, finding that the inmate was first required to exhaust his administrative remedies pursuant to LSA-R.S. 15:1171 et seq. prior |5to bringing an action against the state. Gibson v. Barnes, 597 So.2d at 178.
In the instant case, the procedures in place at the time Marler filed his suit provided a procedure for the award of monetary damages. As a result, Marler was required *1240 to exhaust his administrative remedies prior to instituting a civil suit. See Wright v. Lynn, 618 So.2d 979, 982 (La.App. 1st Cir. 1993). Because Marler failed to do so, the trial coui’t correctly dismissed his claims for failure to exhaust such administrative remedies.

CONCLUSION

For the reasons set forth above, the judgment of the trial court dismissing Mar-ler’s suit is affirmed. Costs of this appeal are assessed to Marler.[5]
AFFIRMED.

. Marler is currently incarcerated at the Louisiana State Penitentiary in Angola.

. LSA-R.S. 15:1171 A and B were amended by Acts 1993, No. 871, § 1, effective August 15, 1993. However, the pre-amendment version of the statute is applicable in the instant case.

. By Acts 1993, No. 871, § 1, LSA-R.S. 15:1172 A was amended and subsection C was added. The amended version became effective on August 15, 1993.

. Pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e(a)(2), these new procedures were formally approved by the Honorable Frank J. Polozola of the Middle District of Louisiana in an order dated August 17, 1990. We take judicial notice that a formal order was signed by the Honorable Frank J. Polozola on August 21, 1990, which formally approved the administrative remedy procedure outlined by the June 30, 1989, amendments to LSA-R.S. 15:1171. These rules and regulations were promulgated in accordance with LSA-R.S. 15:1171-1176 in the Louisiana Register, Volume 17, no. 1, on January 20, 1991. See Gibson v. Barnes, 597 So.2d 176, 177 n. 2 (La.App. 1st Cir.1992).

. Although Marler's suit was brought in forma pauperis, the costs of an unsuccessful appeal may be assessed against him. Gibson v. Barnes, 597 So.2d at 178.