IRA JOE MIMS
v.
RICHARD L. STALDER, SECRETARY LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS.
No. 2007 CA 0171.
Court of Appeals of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
IRA JOE MIMS, Plaintiff/Appellant Pro Se, Ira Joe Mims.
WILLIAM L. KLINE, Counsel for Defendant/Appellee, Louisiana Department of Public Safety and Corrections.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
GAIDRY, J.

SUMMARY DISPOSITION
The plaintiff, Ira Joe Mims, a prisoner in the custody of the Louisiana Department of Public Safety and Corrections (the Department), filed a petition in the 19th Judicial District Court, seeking "injunctive" relief (actually habeas corpus relief) in the form of his immediate release, based upon his claimed eligibility for diminution of sentence (good time) credit. In summary, plaintiff claims that he was originally sentenced as a third felony offender, and that the Louisiana Supreme Court subsequently vacated that habitual offender adjudication and remanded the matter for his resentencing as a second felony offender. See State ex rel. Mims v. Butler, 601 So.2d 649 (La. 1992). He was so sentenced in the trial court, but he now claims that in doing so the state failed to file a new habitual offender bill to adjudicate him as a second felony offender. He claims that the Department continues to improperly classify him as a third felony offender under the adjudication vacated by the Supreme Court, and that under these facts he is entitled to diminution of sentence.
The matter was assigned to a commissioner pursuant to La. R.S. 13:713(A), and as required by La. R.S. 15:1178 and 15:1188, the commissioner reviewed the suit to determine the trial court's jurisdiction and whether the petition stated a cause of action or cognizable claim. The commissioner determined that plaintiff's suit involved a sentence classification dispute requiring exhaustion of administrative remedies under La. R.S. 15:1171(B). The commissioner thereupon issued a rule to show cause on February 22, 2006, ordering plaintiff to show cause in writing within twenty days of that date why his petition should not be dismissed for failure to exhaust administrative remedies or why he should not be ordered to amend his petition to conform with the IJR Uniform Petition for Judicial Review form.[1] Plaintiff filed an untimely response to the rule on April 12, 2006, but failed to properly identify the administrative record for which review was sought and failed to amend his petition as directed.
The commissioner issued a screening report to the trial court, recommending dismissal of the plaintiff's suit without prejudice on the grounds that plaintiff failed to show proof of timely exhaustion of administrative remedies as required by La. R.S. 15:1176.[2] The plaintiff filed his objection to the commissioner's recommendation on May 15, 2006. On May 22, 2006, the trial court signed its judgment, adopting the written recommendation of the commissioner and dismissing plaintiffs petition without prejudice pursuant to La. R.S. 15:1178(D), on the grounds that it failed to state a cause of action.
Finding that the commissioner's report and the trial court's judgment adequately explain our decision, we affirm the judgment.[3]

DECREE
We accordingly affirm the judgment of the trial court through this summary disposition, in accordance with Rules 2-16.2(A)(2), (4), (5), (6) and (10) of the Uniform Rules of the Louisiana Courts of Appeal. All costs of this appeal are assessed to the plaintiff, Ira Joe Mims.
AFFIRMED.

COMMISSIONER'S SCREENING REPORT
The Petitioner, an inmate in the Department of Public Safety and Corrections, filed this suit challenging the Department's classification of him as ineligible for diminution of sentence (good time) credit, based on his being a second habitual offender for a listed crime that occurred after 1977.[1] He entitles this complaint "Application for Prohibitory/Affirmative Injunction," but seeks habeas relief  i.e. immediate release based on good time that he would have accumulated had the Department credited him with good time. This is not an injunctive issue as entitled by the Petitioner or even a habeas issue, but a dispute with the Department over good time eligibility. It involves a factual dispute over whether the Petitioner was adjudicated a habitual offender by the trial court. That issue is required by statute and DOC Rules to be exhausted in the administrative process before this Court obtains jurisdiction to hear it.[2] The Petitioner makes an allegation that he exhausted administrative remedies on the issue, as required by R.S. 15:1171B, 15:1172 and 15:1176 and the Department's Rules, but he has not filed this suit on the required Uniform Petition for Judicial Review (IJR) as required by Rule XIII of this Court's Rules, nor has he identified the administrative record that he would have this Court review on appeal. In fact, he pointedly does not appeal any particular record, but seeks summary relief in the form of an order from this Court to the Department to release the Petitioner immediately. He is entitled to no such relief on this petition.
A rule to show cause why this suit should not be dismissed was issued by the Court in February 2006, but the Petitioner has not responded to date  which is well past the 20 days allowed under the order to identify the administrative record sought to be reviewed.
Pursuant to R.S. 15:1178 and R.S. 15:1188, this Court is required to screen all prisoner suits prior to requiring service on the Defendants in order to determine whether this Court has jurisdiction and whether or not the petition states a cause of action, or cognizable claim, or is frivolous, malicious or seeks monetary damages from an immune Defendant. In addition, it is the duty of the Court to consider subject matter jurisdiction sua sponte. This report is issued recommending dismissal without service and without prejudice, after the Court's de novo consideration and adjudication based on a lack of subject matter jurisdiction for failure to show proof of exhaustion of administrative remedies.

ANALYSIS OF THE FACTS AND LAW
Before this Court obtains subject matter jurisdiction to consider a "good-time eligibility" complaint, the Petitioner is required to exhaust administrative remedies and appeal the adverse decision to this Court.[3] That has not occurred in this case. The Corrections Administrative Remedy Procedure Act makes the Department's promulgated rules and procedures the exclusive remedy available to an inmate for most internal complaints, and especially those challenging the Department's sentence classifications, such as this claim does.
"Such complaints and grievances include but are not limited to any and all complaints seeking ... injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies or statutes. Such administrative procedures, ...shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows."[4]
Clearly, a sentence classification complaint is a claim against the Department that it is within its authority and responsibility to address. The administrative procedure designed, among other things, to lessen the load on the judiciary by allowing the Department to first entertain a complaint  even a strictly legal complaint  and to provide the complainant with the authority relied upon for its decision. Often, that simple process will enlighten an inmate who may have misunderstood the law or how it applied to the facts of his case, and thus, no lawsuit is ever filed in this Court. Exhaustion serves a significant purpose in reducing the number of impulsive and/or frivolous complaints, even in situations where the Department cannot "interpret" the law, as a court can  but can inform and edify an inmate as to established and clear-cut law applicable to his case, and thus, dissuade a meritless lawsuit. In the end, the interests of all concerned, including the Court, are better served by the exhaustion requirement. It saves the inmate needless court costs and saves the Court time and resources that are overtaxed by the number of claims filed by prisoners without adequate research into or knowledge of the applicable law.
Through R.S. 15:1172 and R.S. 15:1176, the Legislature has prohibited state courts from reviewing any grievance or complaint by an offender that has not been timely exhausted through the administrative process. Specifically, R. S. 15:1176 states the following in part:
Before any cause of action may be heard in any state or federal court, administrative remedies must be exhausted under the procedure authorized by this Part.
Additionally R.S. 15:1172(C) states the following:
If an offender fails to timely initiate or pursue his administrative remedied within the deadlines established in Subsection B of this Section, his claim is abandoned and any subsequent suit asserting such a claim shall be dismissed with prejudice. If at the time the petition is filed the administrative remedy process is ongoing but has not yet been completed, the suit shall be dismissed without prejudice.
Until and unless the Petitioner has timely exhausted administrative remedies  showing proof thereof as ordered by this Court, the Court has no jurisdiction or authority to entertain his complaint.[5] I suggest dismissal, without prejudice, in this instance to allow the Petitioner to pursue whatever administrative remedies may still be available to him, if any do.
Further, simply for the Court's (and Petitioner's) edification, the facts of this complaint indicate that the Petitioner's claim, even if considered on the merits, which I do not suggest, warrant no relief and fail to state a cause of action for which relief could be available.
The Petitioner asserts that he was not sentenced as a habitual offender under R.S. 15:529.1 after his sentence was reversed by the Supreme Court. However, according to the records he has attached to his petition, that allegation does not appear to be true. He also asserts that the Department has classified him as a "third" habitual offender, which fact is also contradicted by the Time Computation sheet of DOC employee Henry Goines, which clearly shows that the Petitioner has been classified as a "second" habitual offender, which would also make him ineligible for good time under R.S. 15:571.3C (j) (r).[6]
The Petitioner's claim that he was not sentenced as an habitual offender is based on his understanding that after reversal of his adjudication as a 3rd felony offender, a new habitual offender bill had to be filed.
"The trial court did not file a habitual offender bill under Louisiana Revised Statute 15:529.1 against the Plaintiff."[7]
The Petitioner, however, concedes in his allegations that upon resentencing, he was sentenced as a "Second Felony Offender."[8] He now asserts that the Department has not complied with the resentencing, and has ignored the Supreme Court's reversal of the "habitual offender statute."[9] However, as stated by the trial court in its denial of the Petitioner's 2005 Motion to Clarify the Sentence, "the Louisiana Supreme Court vacated the adjudication as a third felony offender and remanded the matter."[10] The case summary of the Supreme Court's decision, which is attached to the petition, confirms the trial court's interpretation thereof wherein it states that the court "nullified relator's 35-year sentence as a third offender...and remanded ...to the district court to resentence Relator as a second offender."[11] It is clear from the decision the Petitioner relies upon that only the adjudication as a third habitual offender was vacated  not the entire habitual offender bill under R.S. 15:529.1 The Court simply ordered that the trial court resentence the Petitioner as a second habitual offender, vacating the finding of a third felony because "the sentence was improper because the two predicate convictions occurred on the same day."[12]
Consequently, even if the Petitioner would or has exhausted administrative remedies, his claim states no cause of action because the facts shown in the documents upon which he relies clearly contradict his claim that he is good time eligible under the law. On the contrary, as shown on the time computation sheet prepared by DOC's employee, Mr. Goines, the Petitioner has been classified as a second habitual offender under R.S. 15:529.1  which is correct according to the Supreme Court ruling and resentencing by the Court  for a prior conviction of attempted simple burglary, which is a crime listed in R.S. 15:529.1. Therefore, under R.S. 15:71.3C (j)(r), anyone convicted as an habitual offender for a crime committed after 1977, who has also been convicted of a listed crime  including attempted simple burglary  is statutorily prohibited from being good time eligible.
I offer this additional analysis simply to show that should the Petitioner cannot state a cause of action of relief on the facts shown even if he could show exhaustion, which he has not.

COMMISSIONER'S SCREENING RECOMMENDATION
Therefore, after careful consideration of the Plaintiffs petition, together with the attachments thereto, I find that this Court has no subject matter jurisdiction because the Petitioner has failed to show proof of exhaustion of administrative remedies, as required by Rule XIII and R.S. 15:1176. Alternatively, he fails to state a cause of action for any relief based on the facts alleged including the documents attached to the petition upon which he relies. In either case, the Court has authority and the obligation to raise these exceptions at any time ex proprio motu. Therefore, this suit should be dismissed without prejudice and without service on the Defendants at the plaintiffs costs.
NOTES
[1] See Rule 13.0(b), Rules for Louisiana District Courts.
[2] The commissioner alternatively recommended dismissal without prejudice on the grounds that even if plaintiff had shown proof of exhaustion of administrative remedies, he failed to state a cause of action on the merits, as his supporting documentation clearly show that he was re-sentenced and properly classified as a second felony offender under La. R.S. 15:529.1, based upon his prior conviction of attempted simple burglary. According to La. R.S. 15:571.3(C), plaintiff would not be entitled to diminution of sentence under these facts.
[3] A copy of the commissioner's screening report is attached as an addendum to this opinion for the plaintiff's benefit.
[1] See R.S. 15:571.3C and the attached DOC worksheet signed by Henry Goines  the Department's sentence/classification supervisor.
[2] See R.S. 15:1171.
[3] R.S. 15:1176; See also Marler v. Day 645 Sold 1237, (1st Cir. 1994).
[4] Ibid, a partial extract of R.S. 15:1171(B).
[5] See Marler v. Day, 645 So.2d 1237 (1st Cir. 1994); Robinson v. Parole and Probation, 819 So2d 1031 (1st 2001). See also, R.S. 15:1184-86.
[6] See handwritten time computation sheet attached to the Petition.
[7] See petition, paragraph 3.
[8] Id.
[9] Id. par. 4.
[10] See Opinion, dated 12/16/2005 by the trial judge, John Mosley, Jr. attached to the petition.
[11] See case summary in State ex rel. Mims v. Butler, 601 So2d 649, attached to the petition.
[12] Id.