934 So.2d 67 (2006)
Raymond ROCHON
v.
ADMINISTRATIVE REMEDY PROCEDURE, State of Louisiana, Dora Rabalais, Burl Cain, Richard Stalder, Individually and Officially.
No. 2005 CA 0452.
Court of Appeal of Louisiana, First Circuit.
March 24, 2006.
Raymond Rochon, Angola, Plaintiff/Appellant In Proper Person.
*68 William L. Kline, Baton Rouge, Counsel for Defendant/Appellee Administrative Remedy Procedure, et al.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
GAIDRY, J.
This is an appeal from a judgment dismissing a prisoner's petition for judicial review without prejudice for failure to exhaust administrative remedies. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Raymond Rochon, a prisoner in the custody of the Louisiana Department of Public Safety and Corrections, filed a petition for judicial review in accordance with La. R.S. 15:1177 on April 16, 2003, requesting that the court declare the Corrections Administrative Remedy Procedure ("CARP"), La. R.S. 15:1171-1179, unconstitutional. Rochon claims that he has filed several administrative remedy requests which have been placed on backlog for an unacceptable period of time, in violation of his constitutional rights. Rochon states that he did not pursue an administrative remedy before filing his petition because neither the "prison official nor the Administrative Remedy Procedure (ARP) can declare the ARP unconstitutional." Rochon also cited Pope v. State of Louisiana, 99-2559 (La.6/29/01), 792 So.2d 713, and asserted that his suit is one in tort to which the CARP does not apply.
In screening the petition in accordance with La. R.S. 15:1178 and 15:1184-88, the Commissioner[1] recommended that the court dismiss Rochon's petition for lack of subject matter jurisdiction because Rochon failed to provide proof that he had exhausted his administrative remedies as required by the CARP. The district court dismissed Rochon's petition without prejudice and without service on the defendants, and Rochon filed the instant appeal.

DISCUSSION
Although the supreme court in Pope, 99-2559 at p. 13, 792 So.2d at 721, did declare the CARP unconstitutional to the extent it allowed the Department of Corrections to exercise original jurisdiction over tort actions, Rochon's suit is not, as he claims, one in tort. His complaint about the Department of Corrections' handling of his requests for administrative remedies is a complaint regarding a condition of his confinement, which falls under the CARP. As such, Rochon is required to exhaust his administrative remedies prior to filing a petition in district court. Since Rochon failed to exhaust his administrative remedies, the trial court was correct in dismissing his petition for lack of subject matter jurisdiction. Once Rochon exhausts his administrative remedies, he may file a petition for judicial review and may then assert his claims that the CARP is unconstitutional.

DECREE
For the above reasons, the judgment of the trial court dismissing Rochon's petition for judicial review without prejudice and without service on defendants is affirmed. Costs of this appeal are assessed to appellant, Raymond Rochon.[2]
AFFIRMED.
NOTES
[1] The office of the Commissioner of the Nineteenth Judicial District Court was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5).
[2] Although Rochon filed his petition for judicial review in forma pauperis, because he is unsuccessful in obtaining the relief sought, costs may be assessed against him. See Gibson v. Barnes, 597 So.2d 176, 178 (La.App. 1st Cir.1992) (assessing costs of unsuccessful appeal against unsuccessful appellant).