GAIDRY, J.
 

 | .¿This is an appeal from a judgment dismissing a prisoner’s petition for judicial review without prejudice for failure to exhaust administrative remedies. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Raymond Rochon, a prisoner in the custody of the Louisiana Department of Public Safety and Corrections, filed a petition for a writ of mandamus on September 6, 2005, asking the court to compel the defendants to first obtain his written consent before authorizing anyone to photograph him for anything other than a prison identification card.
 

 Noting that Rochon’s petition contains no allegations that he has submitted his complaint through the administrative process, the Commissioner recommended that Rochon’s suit be dismissed without prejudice because the court lacks subject matter jurisdiction due to Rochon’s failure to exhaust his administrative remedies. The Commissioner also recommended that Ro-chon be assessed a strike for filing suit prior to exhausting his administrative remedies. The court rendered judgment on December 19, 2005, dismissing Rochon’s suit without prejudice and assessing a strike against him.
 

 Rochon applied for supervisory writs, which were denied because the trial court’s December 19, 2005 screening judgment was a final, appealable judgment. Rochon then filed the instant appeal, alleging that the trial court erred in dismissing his petition because the trial court had original jurisdiction to hear his petition for mandamus, alleging that La. R.S. 15:1171 is unconstitutional, and challenging the trial court’s assessment of a strike against him
 
 *892
 
 under the Prison Litigation Reform Act (PLRA).
 

 | «DISCUSSION
 

 Although Mr. Rochon’s petition is styled as a petition for mandamus, the relief he seeks is not available by mandamus. A writ of mandamus is directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his hems to compel the delivery of the papers and effects of the office to his successor. La. C.C.P. art. 3863. Reviewing the allegations contained in Rochon’s petition, it does not appear that he is actually seeking to have the defendants compelled to perform a ministerial duty required by law. Rather, he seems to be seeking injunctive relief. Our courts look beyond the caption, style, and form of pleadings to determine from the substance of the pleadings the nature of the proceeding; thus, a pleading is construed for what it really is, not for what it is erroneously called.
 
 Bernard v. Hildebrand,
 
 08-0268 (La.App. 1 Cir. 8/6/08), 993 So.2d 678, 684 n. 6. As such, Rochon’s petition will be treated as one requesting injunctive relief relating to the conditions of his confinement.
 

 Louisiana Revised Statutes 15:1171(B) provides that an administrative remedy procedure provides the exclusive remedy for complaints and grievances by adult or juvenile offenders, including but not limited to:
 

 any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes.
 

 Under La. R.S. 15:1171, Rochon was required to first submit his complaint to the administrative remedy process prior to filing suit, and his failure to do so deprived the court of jurisdiction over the matter.
 
 See
 
 La. R.S. 15:1172 C;
 
 4See also Rochon v. Administrative Remedy Procedure,
 
 05-0452 (La.App. 1 Cir. 3/24/06), 934 So.2d 67.
 

 Rochon next alleges that La. R.S. 15:1171 is unconstitutional because it “violates the due process of law, right to access to the courts, and the separation of power clauses.” However, this challenge to the constitutionality of the Corrections Administrative Remedy Act (CARP) is first raised by Rochon on appeal. The constitutionality of a statute must first be questioned in the trial court and must be specifically pled.
 
 Vallo v. Gayle Oil Co., Inc.,
 
 94-1238 (La.11/30/94), 646 So.2d 859, 864. • Hence, constitutionality of the CARP is not an issue before us in this review.
 

 Finally, Rochon challenges the assessment of a strike against him. The PLRA is applicable to claims relating to prison conditions or officials’ actions affecting the lives of those confined in prison, and provides for the assessment of a strike in eases where a prisoner has brought an action or appeal in a state court that was dismissed on the grounds that it was frivolous, malicious, failed to state a cause of action, or failed to state a claim upon which relief may be granted.
 
 See
 
 La. R.S. 15:1187;
 
 Frederick v. Ieyoub,
 
 99-0616 (La.App. 1 Cir. 5/12/00), 762 So.2d 144, 149-50. We find no error in the court’s assessment of a strike to Mr. Rochon.
 

 Rochon also filed a motion for preliminary default and a motion to transfer documentation. The basis for Rochon’s motion for preliminary default was that the appel-lees chose not to file a brief. In the motion to transfer documentation, Rochon requested that the documents initially filed
 
 *893
 
 with his application for supervisory writs be transferred to the record in the instant appeal. Both motions were referred to the merits of the appeal. We grant the motion to transfer documentation and deny the motion for preliminary default.
 

 | ¿DECREE
 

 We affirm the judgment of the trial court dismissing Rochon’s petition without prejudice, grant his motion to transfer documentation, and deny his motion for preliminary default. Costs of this appeal are assessed to Rochon.
 
 [1]
 

 AFFIRMED; MOTION FOR TRANSFER OF DOCUMENTATION GRANTED; MOTION FOR PRELIMINARY DEFAULT DENIED.
 

 [1]
 

 . Although Rochon filed his petition for judicial review
 
 in forma pauperis,
 
 because he is unsuccessful in obtaining the relief sought, costs may be assessed against him.
 
 See Gibson v. Barners,
 
 597 So.2d 176, 178 (La.App. 1 Cir. 1992) (assessing costs of unsuccessful appeal against unsuccessful appellant).