STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 1049

ERICKA GARNER AND TYRONE HADLEY

VERSUS

REDWOOD INVESTMENT COMPANY, CEDARWOOD
APARTMENTS, SIMEON ONWUZULIGBO, XYZ APPLIANCE
MANUFACTURER, AND XYZ INSURANCE COMPANY

Judgment Rendered: __JUL 3 1 2023__

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 665843

Honorable Martin E. Coady, Judge Presiding
* * * * *

| | |
|---|---|
| Darrinisha L. Gray<br>Robert T. Garrity, Jr.<br>Harahan, LA | Attorneys for Plaintiff-Appellee,<br>Ericka Garner |
| Mark G. Montiel, Jr.<br>Michael E. Johnson, Jr.<br>Shelby S. Talley<br>New Orleans, LA | Attorneys for Plaintiff-Appellant,<br>Tyrone Hadley |
| Eric D. Burt<br>Jana C. Underhill<br>Baton Rouge, LA | Attorneys for Defendants-Appellees,<br>Redwood Investment Company,<br>Cedarwood Apartments, Simeon<br>Onwuzuligbo, and Torus National<br>Insurance Company |
| David G. DeBlieux<br>Baton Rouge, LA | Attorney for Defendants-Appellees,<br>Spencer H. Calahan and Spencer H.<br>Calahan, LLC |

* * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**HESTER, J.**

In this case arising out of an apartment fire resulting in the death of a minor child, the father of the minor child appeals a trial court judgment that allocated settlement funds between him and the child's mother and determined attorney fees. As part of the appeal, the father also challenged a prior judgment of the trial court denying his motion to strike a litigation agreement filed into the court by the mother. For the following reasons, we vacate the judgment denying the father's motion to strike and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On January 31, 2017, five-year-old Treasure Hadley tragically lost her life in an apartment fire at Cedarwood Apartments in Baton Rouge, Louisiana. On January 30, 2018, Ericka Garner, Treasure's mother, filed a "Petition for Damages" against Redwood Investment Company, the owner, operator, and manager of Cedarwood Apartments; Simeon Onwuzuligbo, the manager of Cedarwood Apartments and director of Redwood Investment Company; XYZ Appliance Manufacturer; and XYZ Insurance Company seeking damages for the "loss of love and affection of Treasure, extreme grief, and funeral expenses for [Treasure]." After investigating the accident and performing discovery in December 2020, Ericka and her attorneys participated in mediation with the defendants in an effort to reach a settlement agreement. During mediation, the defendants and Ericka reached an amount that both parties agreed was reasonable, but mediation was paused because Tyrone Hadley, Treasure's father, contacted Ericka's counsel. At that point, mediation was suspended pending resolution with Tyrone.

Nearly three years after Ericka filed suit, on December 10, 2020, Tyrone, through counsel, filed a "Motion for Leave to File Intervention" requesting intervention into Ericka's petition for damages as well as a "Petition for

2

Intervention" asserting a wrongful death action and a survival action based on Treasure's injuries and death.

Subsequently, counsel for Ericka and counsel for Tyrone signed a "Litigation Agreement" on behalf of their clients stating "[Ericka], through her attorneys in mediation has received a *Gasquet* settlement[1] offer of $800,000.00 against defendants, Redwood Investment Company, and Simeon Onwuzuligbo, to be paid by the primary insurance carrier." The litigation agreement further stated as follows:

> [Tyrone] is entitled to a portion of those funds; therefore the parties have agreed that [Ericka] will file a motion with [the] Court to amend her petition to include [Tyrone] as a co-plaintiff; [Tyrone] will withdraw his intervention as said intervention will be moot per the amended petition; the parties will then accept the $800,000.00 Gasquet offer from the primary insurance carrier, and have said funds deposited into the registry of the Court where all parties will petition the Court for their share of the proceeds; all parties reserve all rights as to continued litigation against the excess insurers for the defendants, Redwood Investment Company, and Simon Onwuzuligbo.

The defendants requested leave to deposit the $800,000.00 into the registry of the court, and a judgment was signed on April 23, 2021, ordering the clerk to accept and deposit the defendants' check in the amount of $800,000.00. Thereafter, on April 26, 2021, in conformance with the litigation agreement, Ericka filed a "First Supplemental and Amended Petition for Damages" adding Tyrone as a co-plaintiff and asserting a wrongful death and survival action. On that same day, Ericka filed with the court the litigation agreement as well as a "Motion to Set for Trial on Single Issue" asking the trial court to set a trial to decide the distribution of the settlement funds.

After the litigation agreement was filed with the trial court, Tyrone fired his counsel and filed a pro se objection with the trial court in letter format stating, among

---

[1] As part of a *Gasquet* settlement, plaintiffs can expressly reserve their right to a direct action against a non-settling excess insurer for damages exceeding the settling primary insurers' policy limits. See **Gasquet v. Commercial Union Insurance Co.**, 391 So.2d 466 (La. App. 4th Cir. 1980), writs denied, 396 So.2d 921 & 922 (La. 1981). *Gasquet* settlements have traditionally been applied in the context of a single settlement between the claimant(s) and the primary insurer for some amount less than the primary insurer's policy limits.

other allegations, that he had no knowledge a settlement had been made and that his name was forged on the document. Tyrone then hired new counsel, and through counsel filed a "Motion to [Strike] Litigation Agreement" contending that he did not consent to the litigation agreement. Specifically, Tyrone contends that he believed his former counsel consented to the agreement before Tyrone had made a final decision.

On August 9, 2021, Tyrone's pro se objection and motion to strike the litigation agreement came before the trial court for a hearing via Zoom. At the conclusion of the portion of the hearing addressing the motion to strike, the trial court pointed out that it had the document with "[Tyrone] signing and approving the litigation agreement on April 9, 2021" and that Tyrone would have the burden of proving that his signature was forged on the document, and he did not meet that burden. Therefore, the trial court denied Tyrone's motion to strike the litigation agreement, and a judgment reflecting its ruling was signed on August 17, 2021.[2] Tyrone filed an application for supervisory writs on the denial of his motion to strike the litigation agreement with this court, which was denied on December 2, 2021.[3]

On February 22, 2022, a trial was held to determine two issues: 1) the distribution of the $800,000.00 *Gasquet* settlement funds between Garner and Hadley and 2) whether Ericka's attorneys are entitled to attorney fees on the entire $800,000.00 *Gasquet* settlement. At the conclusion of the trial, the trial court ordered the parties to file post-trial memorandums and on March 3, 2022, the trial court issued "Written Reasons for Judgment" and signed a judgment disbursing the

---

[2] The transcript of this hearing was not in the record on appeal. However, Tyrone's motion to supplement his writ application with the transcript was granted by this court on December 2, 2021. See **Garner v. Redwood Investment Company**, 2021-1230 (La. App. 1st Cir. 12/2/21)(unpublished). Under Uniform Rules of Louisiana Courts of Appeal, Rule 2-1.14, any record lodged in this court may, with leave of court, be used, without necessity of duplication, in any other case on appeal or on writ. Thus, we have reviewed those appropriate portions of the transcript that are necessary to adequately review the issues raised by Tyrone in this appeal. **Whitney Bank v. Rayford**, 2021-0406 (La. App. 1st Cir. 12/9/21), 332 So.3d 1243, 1248 n. 7.

[3] **Garner v. Redwood Investment Company**, 2021-1230 (La. App. 1st Cir. 12/2/21), writ denied, 2021-01986 (La. 1/19/22)(unpublished), 331 So.3d 323.

4

$800,000.00 as follows: Ericka was awarded the total sum of $312,000.00, which is 65% of the $800,000.00 Gasquet settlement funds minus 40% attorney fees; Tyrone was awarded the total sum of $168,00.00, which is 35% of the $800,000.00 *Gasquet* settlement funds minus 40% attorney fees; and Ericka's attorneys were awarded the total sum of $320,000.00, which is 40% of the total $800,000.00 *Gasquet* settlement funds.

It is from the March 3, 2022 judgment that Tyrone appeals asserting the following assignments of error:

1) The court erred in finding the Litigation Agreement enforceable because it lacked [Tyrone's] consent and [Tyrone] never agreed to the terms of the release.
2) The court erred in the division of the settlement between the parties by ruling contrary to settled case law and considering facts not in evidence.
3) The court erred in apportioning attorney's fees without statutory or contractual justification.

## LAW AND ANALYSIS

In his first assignment of error, Tyrone contends that the litigation agreement is not enforceable because he did not consent to the litigation agreement and never agreed to the terms of the receipt, release, and indemnification agreement. Tyrone titled his motion as a "Motion to [Strike] Litigation Agreement" and in his motion, contended that the litigation agreement should be stricken from the record because he did not consent to the agreement. Louisiana Code Civil Procedure article 964 provides that "[t]he court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading **any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter.**" (Emphasis added.) A motion to strike is a means of cleaning up the pleadings, not a means of eliminating causes of actions or substantive allegations. **Tran v. Collins,** 2020-0246 (La. App. 4th Cir. 8/20/21), 326 So.3d 1274, 1280. As Tyrone argues

5

that the litigation agreement is not enforceable because he did not consent to the agreement, Tyrone's motion addresses substantive allegations.

Our courts look beyond the caption, style, and form of pleadings to determine from the substance of the pleading the nature of the proceeding; thus, a pleading is construed for what it is, not what it is called. See Rochon v. Young, 2008-1349 (La. App. 1st Cir. 2/13/09), 6 So.3d 890, 892, writ denied, 2009-0745 (La. 1/29/10), 25 So.3d 824, 892. In other words, although Tyrone titled his pleading as a motion to strike, we look at the substance of the pleading to determine the nature of the proceeding. We construe his motion to be a motion to nullify the litigation agreement rather than a motion to strike.

Tyrone seeks nullification of the litigation agreement based on two grounds: first, that he did not give authority to his counsel to sign the litigation agreement, and second that he did not consent to the litigation agreement. A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. Civ. Code art. 3071. While the agreement at issue in this case is the litigation agreement between co-plaintiffs rather than a plaintiff and defendant, it is a compromise as defined by La. Civ. Code art. 3071. A compromise shall be in writing or recited in open court. La. Civ. Code art. 3072. For a compromise that is not recited in open court and capable of being transcribed to be valid and enforceable, it must be reduced to writing and signed by the parties or their agents. See Sullivan v. Sullivan, 95-2122 (La. 4/8/96), 671 So.2d 315, 317-18.

Here, the litigation agreement filed into the record was reduced to writing and signed by counsel for Ericka as well as Tyrone's counsel at the time the agreement was entered into. However, Tyrone contends that he did not authorize his counsel to sign the agreement. Louisiana Civil Code article 2997 provides, in pertinent part, "Authority also must be given expressly to: ... (5) Enter into a compromise or refer

6

a matter to arbitration." The signature of a party's attorney alone is not sufficient to effect a compromise unless the required authorization is expressly given as provided under La. Civ. Code art. 2997. **Lemoine v. Thornton**, 2013-889 (La. App. 3rd Cir. 2/12/14), 161 So.3d 666, 671, <u>writ denied</u>, 2014-0541 (La. 4/25/14), 138 So.3d 648. The law is quite clear in our jurisprudence that a party's counsel of record does not have authority to settle a client's claim without his client's clear and express consent. **Lemoine**, 161 So.3d at 671.

Tyrone did not attach any documents to his motion, but he did attach documents to his later filed memorandum in support of his motion. During the August 9, 2021 hearing, Tyrone offered, filed and introduced the documents attached to his memorandum into the record including, among other documents, the screenshots of communications between Tyrone and his former counsel and an affidavit executed by Tyrone. The trial court never ruled on the admissibility of the documents offered by Tyrone, and the hearing was conducted via Zoom; therefore, it is unclear if the documents were properly entered into evidence.

In Ericka's memorandum in opposition to Tyrone's motion, she discusses the litigation agreement as Exhibit A attached to the memorandum, but our record contains no attachments to her memorandum. During the hearing, Ericka's counsel requested that Tyrone be sworn in so that he could ask him about the litigation agreement, but Tyrone did not testify on the issue of the motion to strike. Ericka's counsel did not introduce any evidence during the hearing and only provided argument. After the hearing on Tyrone's motion, the trial court stated that it had a document with Tyrone's signature on the litigation agreement approving the agreement. The document the trial court considered was not introduced by Ericka or Tyrone and instead was attached to a memorandum by Tyrone's former counsel addressing claims of misconduct against them. While the document relied on by the trial court is in the record before us, it was never attached to Ericka or Tyrone's

7

memorandum addressing the motion to strike and was not introduced into evidence at the hearing on Tyrone's motion.[4]

Exhibits not properly and officially offered and admitted into evidence cannot be considered, even if they are physically filed into the trial court record. **Denoux v. Vessel Mgmt. Services, Inc.**, 2007-2143 (La. 5/21/08), 983 So.2d 84, 88. Except as otherwise provided by law, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. **Denoux**, 983 So.2d at 88. Further, arguments and pleadings, including allegations made in memoranda, are not evidence. See **In re Melancon**, 2005-1702 (La. 7/10/06), 935 So.2d 661, 666. Accordingly, the trial court relied on a document that was not properly before it when ruling on Tyrone's motion. Furthermore, Ericka's counsel requested that Tyrone take the stand during the portion of the hearing related to the motion to strike and that did not happen, and it is unclear in our record whether the trial court accepted the evidence offered by Tyrone. Given the unusual procedural posture of this case that was conducted via Zoom, we conclude that the most appropriate remedy is to vacate the trial court's judgment denying the motion to strike as well as the judgment distributing the *Gasquet* settlement funds and remand the matter for a full contradictory hearing to determine whether Tyrone's counsel had the express authority to enter into the litigation agreement on his behalf, and if it is determined that his attorney's had express authority to enter into the litigation agreement, consider Tyrone's argument that his consent to the litigation agreement was not freely given. See La. Civ. Code art. 2031.

## CONCLUSION

---

[4] While we considered Tyrone's motion as a motion to nullify the litigation agreement, we note that a motion to strike under La. Code Civ. P. art. 964 requires a contradictory hearing where evidence may be introduced. See **Citadel Builders, L.L.C. v. Dirt Worx of Louisiana, L.L.C.**, 2014-2700 (La. 5/1/15), 165 So.3d 908, 910

8

For the foregoing reasons, we vacate the portion of the August 17, 2021 judgment denying Tyrone's motion as well as the March 3, 2022 judgment distributing the funds of the *Gasquet* settlement. We remand to the trial court for a full contradictory hearing to consider appellant, Tyrone Hadley's motion to nullify the litigation agreement.

**JUDGMENTS VACATED; REMANDED WITH INSTRUCTIONS.**