STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2026 CA 0048

**TIMOTHY SOIGNET IN HIS OFFICIAL CAPACITY AS
SHERIFF AND *EX OFFICIO* TAX COLLECTOR OF
TERREBONNE PARISH**

**VERSUS**

**LOUISIANA TAX COMMISSION, CRAIG ROUSSEL IN HIS
OFFICIAL CAPACITY AS CHAIRMAN OF THE LOUISIANA
TAX COMMISSION, LONEY GRABERT IN HIS OFFICIAL
CAPACITY AS TAX ASSESSOR OF TERREBONNE PARISH
AND BLAKE INTERNATIONAL RIGS LLC**

Judgment Rendered:    **JUN 18 2026**

---

On Appeal from the Board of Tax Appeals
State of Louisiana
BTA Docket Number L02449

---

Honorable Francis J. "Jay" Lobrano, Chairman and Local Tax Judge Presiding
Honorable Lisa Woodruff-White (Ret.), Local Tax Judge *Pro Tempore* Presiding

---

William F. Dodd
W. Seth Dodd
Houma, Louisiana

Counsel for Plaintiff/Appellant,
Sheriff Timothy Soignet, in his
Official Capacity as Sheriff and Tax
Collector of Terrebonne Parish

Matthew A. Sherman
George A. Mueller
Patrick R. Follette
Nicholas R. Varisco
Metairie, Louisiana

Counsel for Defendant/Appellee,
Blake International Rigs, LLC

Franklin "Drew" Hoffman
Scott G. Wheat, Jr.
Baton Rouge, Louisiana

Counsel for Defendants,
Louisiana Tax Commission; and
Craig Roussel, in his Official Capacity as
Chairman of the Louisiana Tax Commission

Brian A. Eddington
Baton Rouge, Louisiana

Counsel for Defendant,
Loney Grabert, in his Official Capacity as
Assessor of Terrebonne Parish

**BEFORE: THERIOT, BALFOUR, AND HAGGERTY,[1] JJ.**

---

[1] Honorable Bryan D. Haggerty is serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**HAGGERTY, J.**

Timothy Soignet, in his Official Capacity as Sheriff and *Ex Officio* Tax Collector of Terrebonne Parish, appeals a judgment rendered on August 7, 2025, sustaining an exception of no right of action filed by Blake International Rigs, LLC and dismissing his suit filed with the Board of Tax Appeals ("BTA"). After review, we affirm the portion of the judgment that sustained Blake International's exception of no right of action and dismissed Sheriff Soignet's claims against Blake International. We reverse the portion of the judgment that dismissed Sheriff Soignet's claims against Terrebonne Parish Assessor, Loney Grabert; the Louisiana Tax Commission; and Craig Roussel, in his Official Capacity as Chairman of the Louisiana Tax Commission, as the claims against these defendants remain pending.

## FACTS AND PROCEDURAL HISTORY

From 2009 to 2018, Blake International owned drilling rigs and associated equipment, which Assessor Grabert assessed for ad valorem tax purposes. In accordance with the assessment, Sherrif Soignet, as tax collector for Terrebonne Parish, levied ad valorem taxes on Blake International's property and issued tax bills to the company. Blake International paid the taxes owed each year and did not pay under protest (La. R.S. 47:2134) or raise any claim of exemption from taxation at the time of payment.

In April 2020, Blake International filed claims for refund of taxes pursuant to La. R.S. 47:2132, seeking a refund of ad valorem taxes paid for tax years 2010 through 2018. Upon receiving the request, the tax commission solicited and received Assessor Grabert's advice concerning the request as required by La. R.S.

2

47:2132(A)(1).[2] Assessor Grabert determined that some but not all of Blake International's assessed property was eligible for exemption; however, only the claims for refund for tax years 2017 and 2018 were timely. The tax commission subsequently granted Blake International's refund claims for tax years 2017 and 2018 but denied the requests for the remaining years as untimely pursuant to La. R.S. 47:2132(A)(1). Blake International did not appeal the denial of its claims for refund. See La. R.S. 47:2132(D).

In November 2022, Blake International re-filed claims for refund for tax years 2010 through 2016. Assessor Grabert reminded the tax commission that it previously rejected Blake International's claims for refund for these tax years as untimely. It appears the tax commission took no action on Blake International's November 2022 claims for refund.[3]

Undeterred, Blake International filed a third set of claims for refund in May 2024, this time seeking a refund for taxes paid from 2009 through 2016. The tax commission again solicited Assessor Grabert's advice, who took "no position on the question of whether refunds are owed to Blake International for the taxes levied"

---

[2] Prior to its amendment, effective January 1, 2026, La. R.S. 47:2132(A)(1), pertinently stated:

> [A]ny person who has a claim against a political subdivision for ad valorem taxes erroneously paid into the funds of that political subdivision may present the claim to the Louisiana Tax Commission within three years of the date of the payment, in such form and together with such proof as the tax commission may require by its rules and regulations[.] The tax commission shall consult with the assessor of the parish in which the property which is the subject of the claim is located, and after that assessor advises the tax commission that a refund is due the claimant, the tax commission shall duly examine the merits and correctness of each claim presented to it and shall make a determination thereon within thirty days after receipt of the claim.

The 2026 amendment to La. R.S. 47:2132 changed some terms (e.g., "ad valorem taxes" was changed to "statutory impositions"), but no substantive changes were made.

[3] The exhibits introduced into evidence in support of the exception of no right of action include a "Consent Judgment" signed on January 21, 2022 by a judge in the 32nd Judicial District Court, which states that the motion for summary judgment filed by Blake International was granted and that, with the exception of a single rig, all of the rigs and property listed on the assessment for tax years 2009 through 2016 were exempt from ad valorem taxation and no such taxes should have been due or payable for those years. The parties do not discuss or explain the effect of this judgment.

3

from 2009 through 2016. The tax commission approved Blake International's May 2024 claims for refund for all requested tax years.

On June 26, 2024, the tax commission issued an order to Sheriff Soignet stating that, pursuant to La. R.S. 47:2132(B),[4] the tax collector was authorized and directed to correct the assessment for tax years 2009 through 2016 and was further authorized and directed to process a refund/repayment in the amount of $765,963.75 to Blake International.

It appears this was not done; instead, Sheriff Soignet filed a petition with the BTA in March 2025, challenging the tax commission's June 26, 2024 order. Sheriff Soignet named Blake International; the tax commission and its chairman, Craig Roussel; and Assessor Grabert as defendants. Sheriff Soignet sought judgment vacating the June 26, 2024 order and staying/suspending its enforcement until entry of a final judgment. Sheriff Soignet also sought judgment declaring:

- the June 26, 2024 order exceeded the tax commission's authority and is an absolute nullity;
- the tax commission exceeded its authority under La. R.S. 47:2132 by directing Sheriff Soignet to process a refund/repayment of taxes paid more than three years before the claims for refund were filed and when the Assessor did not advise the tax commission that a refund was due;
- the tax commission violated Sheriff Soignet's due process rights by failing to provide notice and an opportunity to be heard before ordering that he process a refund/repayment to Blake International;
- the tax commission's May 2020 determination that Blake International's claims for refund for tax years 2010 through 2016 were untimely is final and the June 26, 2024 order is barred by *res judicata*;
- Blake International's claims did not fall within the scope of La. R.S. 47:2132 and were not subject to the jurisdiction of the tax commission; and
- Blake International's claims for refund were subject to the requirement of payment under protest and the filing of suit within

---

[4] Prior to its amendment, effective January 1, 2026, La. R.S. 47:2132(B) stated, in part,

> If the claim is approved, the tax commission shall authorize and direct the collector, when applicable, to correct the assessment on the roll on file in his office and shall authorize and direct, when applicable, the recorder of mortgages to change the inscription of the tax roll. The tax commission shall also authorize and direct the refund and repayment of those taxes found to be erroneously paid as provided in this Section[.]

4

thirty days of payment under protest and Blake International did not comply with either requirement and, thus, has no right or standing to seek a refund.

In response, Blake International urged a peremptory exception of no right of action and an alternative exception of prescription. See La. C.C.P. art. 927(A)(1) and (6). Blake International asserted that La. R.S. 47:2132, which governs its refund claims, does not provide a right of action to the tax collector. It further argued that Sheriff Soignet is not entitled to an appeal under La. R.S. 49:978.1[5] of the Louisiana Administrative Procedure Act and is barred from seeking judicial review of the tax commission's adjudication. The tax commission and Chairman Roussel adopted and joined Blake International's exceptions. Assessor Grabert answered the petition but did not join the exceptions.

Sheriff Soignet opposed the exceptions, pertinently asserting his right of action is granted by La. R.S. 49:978.1. A trial on the exceptions was held before the BTA on June 18, 2025, during which Blake International and Sheriff Soignet introduced evidence into the record. Specifically, Blake International introduced the exhibits purportedly attached to its exceptions, and Sheriff Soignet introduced documents purportedly attached to his petition. Neither pleading in the record contains attached documents; however, the exhibits introduced into evidence include Blake International's first, second, and third set of claims for refund and related documents, minutes from the tax commission's relevant meetings, and the June 26, 2024 order.

The exceptions were taken under advisement. On August 7, 2025, the BTA rendered judgment, sustaining Blake International's exception of no right of action,

---

[5] Louisiana Revised Statutes 49:978.1(A)(1) pertinently states that "a party who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter[.]"

denying the exception of prescription as moot, and dismissing the petition.[6] The judgment is silent as to the exceptions urged/adopted by the tax commission and Chairman Roussel. The BTA also issued written reasons for ruling, wherein it characterized Sheriff Soignet's suit as an appeal governed by La. R.S. 47:2132 and analyzed whether this statute grants Sheriff Soignet a right of action. The BTA concluded it does not. It also determined Sheriff Soignet does not have a right of action under La. R.S. 49:978.1(A)(1), reasoning the Administrative Procedure Act expressly states that an "agency" is not entitled to judicial review, and Sheriff Soignet is an "agency" as defined by La. R.S. 49:951(3).

Sheriff Soignet timely filed this appeal, arguing the BTA mischaracterized his suit as an appeal under La. R.S. 47:2132, when it is, in fact, an original action for declaratory judgment pursuant to La. R.S. 47:1407[7] and La. C.C.P. arts. 1871, et seq. He asserts the BTA erred by dismissing his suit for declaratory judgment as to the validity and enforceability of the tax commission's June 26, 2024 order. He further argues the BTA misinterpreted La. R.S. 49:951(3) to classify him as an agency, since the statute excludes political subdivisions and their officers from the definition of agency. Sheriff Soignet maintains the BTA improperly concluded that he is excluded from the class of persons who can bring suit under La. R.S. 49:978.1.

## LAW AND ANALYSIS

Whether a plaintiff has a right of action is a question of law, which is reviewed de novo on appeal.[8] *Goodwin v. City of Mandeville*, 2018-1118 (La. App. 1 Cir.

---

[6] The decretal language in the August 7, 2025 judgment does not specifically state against whom the relief was awarded. See La. C.C.P. art. 1918(A). However, the judgment states that the petition is dismissed, and it is evident from the face of the judgment that Sheriff Soignet is the only plaintiff in this proceeding, and his name is discernible from the caption in the judgment. Thus, we find the judgment is valid. See *Brumfield v. Department of Public Safety and Corrections*, 2025-0329 (La. App. 1 Cir. 11/7/25), 2025 WL 3124378, *2 (unpublished).

[7] Louisiana Revised Statutes 47:1407 sets forth the matters over which the BTA shall have jurisdiction, including suits for declaratory judgment.

[8] A de novo review involves examining the facts and evidence in the record, without regard or deference to the judgment of the trial court or its reasons for judgment. *Allday v. Newpark Square I Office Condominium Association, Inc.*, 20-358 (La. App. 5 Cir. 8/18/21), 327 So.3d 566, 573.

5/31/19), 277 So.3d 822, 827, *writ denied,* 2019-01083 (La. 10/8/19), 319 So.3d 856. The exception of no right of action questions the plaintiff's standing or interest to bring suit.[9] La. C.C.P. art. 927(6); *Goodwin,* 277 So.3d at 826. A party has an actionable right, and consequently has standing, if it can be said that he has a legally protectable and tangible stake in the litigation. *JES, Inc. v. Certain Underwriters at Lloyds of London,* 25-186 (La. App. 5 Cir. 10/29/25), 426 So.3d 173, 178. Standing is gauged by the specific statutory claims the party presents and his relationship to those claims. *Jefferson Island Storage & Hub, LLC v. Louisiana Tax Commission,* 2011-0882 (La. App. 1 Cir. 7/15/11), 70 So.3d 1034, 1040. Standing is a concept utilized to determine if a party is sufficiently affected to ensure that a justiciable controversy is presented to the court. *Broome v. Rials,* 2023-01108 (La. 4/26/24), 383 So.3d 578, 584.

Similarly, courts will only act in suits for declaratory judgment when a present, justiciable controversy exists. *Steiner v. Reed,* 2010-1465 (La. App. 1 Cir. 2/11/11), 57 So.3d 1188, 1192. A justiciable controversy has been generally defined as a dispute between adverse parties with opposing claims ripe for judicial determination. *Steiner,* 57 So.3d at 1192. In the context of declaratory judgment, a justiciable controversy must involve uncertain or disputed rights in an immediate and genuine situation, where the parties have real, adverse interests. The party seeking the declaratory judgment should have a legally protectable and tangible interest at stake. *Steiner,* 57 So.3d at 1192; *Purpera v. Robinson,* 2020-0815 (La. App. 1 Cir. 2/19/21), 320 So.3d 425, 428, *writ denied,* 2021-00406 (La. 5/11/21), 315 So.3d 868.

Although Sheriff Soignet asserts his claims are governed by the declaratory judgment articles in the Code of Civil Procedure, the allegations and prayer of the

---

[9] Evidence may be introduced to support or controvert an exception of no right of action. La. C.C.P. art. 931.

petition determine the true nature of the action. See *Scott Green Properties, LLC v. Ramsey*, 2024-0695 (La. App. 1 Cir. 2/13/25), 406 So.3d 609, 614. Courts look beyond the caption, style, and form of pleadings to determine from the substance of the pleading the nature of the proceeding; thus, a pleading is construed for what it really is, not what it is erroneously called. *Rochon v. Young*, 2008-1349 (La. App. 1 Cir. 2/13/09), 6 So.3d 890, 892, *writ denied*, 2009-0745 (La. 1/29/10), 25 So.3d 82.

***Statutory Roles and Taxpayer Refund Procedure***

Parish assessors are statutorily responsible for assessing property for tax purposes and notifying the taxpayer of the amount of the assessment. See La. R.S. 47:1987(B)(1), La. R.S. 47:1903(A), and La. R.S. 47:1951. The tax commission hears and decides taxpayer appeals and considers taxpayer refund requests. See La. R.S. 47:1989 and La. R.S. 47:2132. Finally, parish sheriffs are the *ex officio* tax collectors with the power to enforce the collection of parish and state taxes. See La. R.S. 47:2051 and La. R.S. 13:5539(A). A parish sheriff "shall be the collector" of state and parish ad valorem taxes. La. Const. Art. V, § 27.

Louisiana Revised Statutes 47:2132 sets forth the procedure to be followed when a taxpayer seeks a refund of taxes erroneously paid and mirrors the statutory roles set forth above. The taxpayer presents a claim for refund to the tax commission, who "shall consult" with the appropriate parish assessor. La. R.S. 47:2132(A)(1). If the assessor advises the tax commission that a refund is due, the commission evaluates the claim and makes a determination. La. R.S. 47:2132(A)(1). If the tax commission determines a refund is due, it authorizes and directs the refund and repayment of taxes erroneously paid. La. R.S. 47:2132(B). After the tax collector receives written notice from the tax commission that a particular refund or

repayment is owed, he "shall" take one of the actions set forth in La. R.S. 47:2132(C):[10]

> (1) If the claim is made for taxes erroneously paid on property which is or could be homestead exempt or otherwise exempt, *the collector shall* immediately notify the affected tax recipient bodies to remit to him within thirty days their pro rata share of the refund or repayment. Upon receipt of those funds from the tax-recipient bodies, the collector shall have an additional thirty days to remit the payment in full to the tax debtor. Failure by any tax recipient body or the collector to timely remit such monies shall cause interest at the legal rate to accrue in favor of the tax debtor to be paid by the political subdivision or tax collector failing to so timely remit.
>
> (2) If the claim is made for taxes erroneously paid on property which would not qualify for a homestead or other exemption, *the collector shall* note and record the amount of the refund or repayment owed and *shall* have full responsibility to ensure that such amount shall operate as a credit against future ad valorem tax liability of that property. No ad valorem taxes shall be due or collected on such property until such time as the collector certifies that a sufficient amount of taxes assessed have been waived to satisfy the refund or repayment ordered by the tax commission. No interest shall accrue or be due on any such refund or repayment. (Emphasis added.)

An action of the assessor or the tax commission *rejecting or refusing* to approve any claim made under the provisions of La. R.S. 47:2132 may be appealed by means of ordinary proceedings. La. R.S. 47:2132(D). The statute does not grant the right to appeal the *approval* of a claim for refund. See La. R.S. 47:2132.

***Sheriff Soignet's Claims***

As noted above, Sheriff Soignet's petition included a prayer for judgment vacating the tax commission's June 26, 2024 order and declaring the order is an absolute nullity. He further sought review of the tax commission's exercise of authority, the propriety of its June 26, 2024 order, and its decision on the merits of Blake International's claims for refund.

Through his petition, Sheriff Soignet sought, at least in part, to have the tax commission's decision (a lower tribunal) reconsidered by the BTA (a higher tribunal). Such claims are in the nature of an appeal. An "[a]ppeal is the exercise

---

[10] This is the version of La. R.S. 47:2132(C) as it existed prior to January 1, 2026.

of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." La. C.C.P. art. 2082. See "APPEAL" Black's Law Dictionary (12th ed. 2024) (defining "appeal" as "[a] proceeding undertaken to have a decision reconsidered by a higher authority[.]") The object of an appeal is to give an aggrieved party recourse to a superior tribunal for the correction of a judgment. *Jefferson Island Storage & Hub, LLC*, 70 So.3d at 1040.

Louisiana Revised Statutes 47:2132 clearly and unambiguously sets forth the respective roles of the assessor, the tax commission, and the tax collector in the taxpayer refund process.[11] As tax collector, Sheriff Soignet has no role determining whether a refund is owed and has no legally protectable interest in the procedure or its outcome. Instead, his role is statutorily limited to carrying out the tax commission's order *after* the commission has granted the taxpayer's refund request. See La. R.S. 47:2132(C). The tax collector has no tangible stake in Blake International's claim for a refund. See *JES, Inc.*, 26 So.3d at 178.

This interpretation and application of La. R.S. 47:2132 does not lead to absurd consequences; instead, the separation of duties set forth in La. R.S. 47:2132 is in line with the roles of the assessor, the tax collector, and the tax commission in the broader tax scheme created by the legislature. See La. R.S. 47:1987(B)(1), La. R.S. 47:1903(A), La. R.S. 47:1951, La. R.S. 47:1989, and La. R.S. 47:2051. Additionally, it is reasonable to conclude that La. R.S. 47:2132 does not provide for an appeal from the tax commission's decision to *grant* a refund request because the interested party, the taxpayer, is not aggrieved by a favorable decision by the tax commission. We agree with the BTA that Sheriff Soignet has no right of action under La. R.S. 47:2132.

---

[11] "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. See *First Pay, Inc. v. Dukes*, 2024-01565 (La. 10/24/25), 421 So.3d 942, 947 (holding that Article 9 requires both that the law be clear and unambiguous and that its application not lead to absurd results).

For the same reasons, Sheriff Soignet has no right of action for declaratory judgment. Notably, Sheriff Soignet does not assert that a justiciable controversy exists between himself and Blake International and/or the tax commission. In his petition, Sheriff Soignet does not seek a declaration concerning his rights, which are purportedly uncertain or at odds with Blake International's right to a refund. Sheriff Soignet's personal property is not the subject of the tax commission's June 26, 2024 order, and his individual property rights are not affected by the tax commission's decision to grant Blake International's claims for refund.[12] See *Broome*, 383 So.3d at 584; *Steiner*, 57 So.3d at 1192. Pursuant to the statutes discussed above, Sheriff Soignet has no legally protectable interest in Blake International's claims for refund and is not adverse to Blake International or the tax commission. See *Purpera*, 320 So.3d at 428.

It is apparent that Sheriff Soignet simply disagrees with the tax commission's decision to grant Blake International's refund requests. For this, his recourse is with the legislature, who alone has the power to amend La. R.S. 47:2132 to provide the tax collector with standing to participate in the tax refund process prior to decision and/or to bring suit to challenge the tax commission's refund decision on the merits. See La. Const. Art. III. Finding La. R.S. 47:2132 is clear and unambiguous and its application does not lead to absurd consequences, we must apply the law as written. See La. C.C. art. 9; see also *First Pay, Inc. v. Dukes*, 2024-01565 (La. 10/24/25), 421 So.3d 942, 947.

---

[12] For this reason, we find the BTA properly dismissed Sheriff Soignet's claim for declaratory judgment that the tax commission violated his due process rights by failing to provide notice and an opportunity to be heard before ordering that he process a refund/repayment to Blake International. See *Oliver v. Orleans Parish School Board*, 2014-0329 (La. 10/31/14), 156 So.3d 596, 620 (Procedural due process requires that before an individual is deprived of a property or liberty right, the individual must be provided with notice and an opportunity to be heard.)

*Appeal Pursuant to Louisiana Revised Statutes 49:978.1*

Next, Sheriff Soignet asserts that he has a right of action pursuant to La. R.S. 49:978.1(A)(1), which pertinently provides a right to judicial review to a party who is aggrieved by a final decision or order in an adjudication proceeding.

The Administrative Procedure Act's judicial review provisions are not intended to supersede specific provisions of other administrative acts, or to supersede the rights and remedies created under those acts. *Louisiana Environmental Action Network, Inc. v. Louisiana Department of Environmental Quality*, 2019-1551 (La. App. 1 Cir. 9/23/20), 314 So.3d 841, 848. When the agency statute upon which a litigant relies establishes a specific procedure for judicial review of the agency's action, a litigant may invoke the reviewing court's jurisdiction only by following the statutorily prescribed procedure, unless there can be found within the act a genuine legislative intent to authorize judicial review by other means. *Louisiana Environmental Action Network*, 314 So.3d at 848. When La. R.S. 47:2132 was enacted, the legislature declined to provide for judicial review of the tax commission's decision to grant a requested tax refund. The legislature additionally declined to grant the tax collector a legally protected interest in the tax refund procedure and outcome. These deliberate omissions were not authorizations to the tax collector to seek judicial review by other means, such as the Administrative Procedure Act.

Furthermore, La. R.S. 49:978.1 provides for judicial review of a final decision or order in an adjudicatory proceeding. "Adjudication" is defined as the agency process for the formulation of a decision or order. La. R.S. 49:951(1). "Decision" or "order" means the whole or any part of the final disposition of any agency required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing. La. R.S. 49:951(4). Thus, an adjudication for purposes of La. R.S. 49:951 means an agency proceeding that results in a disposition that is

required by constitution or statute to be made after notice is given and a hearing is held. *Louisiana Environmental Action Network*, 314 So.3d at 849. Unless the constitution or a statute requires a hearing and notice, an agency action is not an adjudication for purposes of judicial review under La. R.S. 49:978.1. See *Louisiana Environmental Action Network, Inc.*, 314 So.3d at 849.

Louisiana Revised Statutes 47:2132 does not require a hearing before the tax commission makes a determination on a tax refund request. Consequently, there has not been a final decision or order issued in an adjudicatory proceeding, and judicial review under La. R.S. 49:978.1 is not available. See *Louisiana Environmental Action Network*, 314 So.3d at 849.[13]

### Dismissal of Sheriff Soignet's Petition and Claims Against Remaining Defendants

The August 7, 2025 judgment does not address the exceptions urged by the tax commission and Chairman Roussel. While we acknowledge this was likely an oversight, considering these parties adopted Blake International's exception of no right of action, silence in a judgment is deemed to be a denial or rejection of the exceptions. See *First NBC Bank v. River Park Development, L.L.C.*, 2024-0270 (La. App. 1 Cir. 9/17/25), 421 So.3d 284, 289.[14] Additionally, Assessor Grabert answered the petition but urged no exceptions. Thus, Sheriff Soignet's claims against these parties are still pending. We reverse the portion of the judgment that

---

[13] We do not agree with the BTA's determination that Sheriff Soignet is an "agency" as defined by La. R.S. 49:951(3) and, as such, is barred from seeking judicial review pursuant to La. R.S. 49:978.1. Any branch or officer of a political subdivision is expressly excluded from the definition of "agency." La. R.S. 49:951(3). The Louisiana Constitution defines "political subdivision" as a parish, municipality, and any other unit of local government authorized by law to perform governmental functions. La. Const. Art. VI, §44. The office of each tax collector shall be at the seat of the parish government. La. R.S. 47:2051. See La. Const. Art. V, § 27. However, reasons for judgment are not determinative of the legal issues to be resolved on appeal. Judgments are often upheld on appeal for reasons different than those assigned by the trial judges. *Allday*, 327 So.3d at 573.

[14] This court may raise an exception of no right of action on its own motion; however, the exception shall not be adjudicated without assigning the matter for briefing and permitting the parties an opportunity to request oral argument. La. C.C.P. art. 927(B). In the interest of judicial economy and efficiency, we decline to raise the motion and, instead, remand this matter for further proceedings consistent with this opinion.

13

dismissed Sheriff Soignet's claims against the tax commission, Chairman Roussel, and Assessor Grabert.

## CONCLUSION

For the foregoing reasons, we affirm the portion of the August 7, 2025 judgment that sustained the exception of no right of action filed by Blake International Rigs, LLC and dismissed the claims of Sheriff Timothy Soignet, in his Official Capacity as Sheriff and *Ex Officio* Tax Collector of Terrebonne Parish, against Blake International Rigs, LLC. We reverse the portion of the August 7, 2025 judgment that dismissed Sheriff Soignet's claims against Terrebonne Parish Assessor, Loney Grabert; the Louisiana Tax Commission; and Craig Roussel, in his Official Capacity as Chairman of the Louisiana Tax Commission. This matter is remanded to the Board of Tax Appeals for further proceedings consistent with this opinion.

Costs of this appeal in the amount of $1,939.00 are assessed against Sheriff Timothy Soignet, in his Official Capacity as Sheriff and *Ex Officio* Tax Collector of Terrebonne Parish.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**